92 P.2d 889

**CITY OF ROSWELL v. HOLMES et al.**

No. 4483.

Supreme Court of New Mexico.

August 1, 1939.

Ross L. Malone, Jr., of Roswell, and W. A. Keleher and Theo. E. Jones, both of Albuquerque, for appellant.

Lake J. Frazier, of Roswell, for appellees.

BICKLEY, Chief Justice.

Plaintiff, City of Roswell, commenced suit to foreclose certain assignable certificates and paving liens. Numerous defendants, as owners each of separate pieces of property, all subject to separate liens, were joined as defendants pursuant to the authorization of Sec. 82-303, N.M. S.A.1929. Some of these defendants, the appellees in this appeal, duly moved for an order of dismissal as to them because there had been no prosecution of the action for two years, invoking the provisions of Ch. 121, L. 1937. Upon the hearing the district court sustained the motion and entered an order of dismissal with prejudice as to the moving defendants. The cause remained undisposed of as to the remaining defendants.

The plaintiff duly applied for and was granted an appeal from the order of dismissal. More than twenty days, but less than three months, elapsed between the order appealed from and the filing of the motion for and entry of the order granting the appeal. Appellees now move to dismiss the appeal on the ground that the order appealed from is not a final judgment but is an interlocutory order and that consequently the appeal was not timely taken.

We find no difficulty in reaching the conclusion that while many defendants are

joined in the action, the proceeding is against them severally. The liability of the various defendants to the plaintiff City of Roswell is not a joint liability. The appellees (defendants) individually have no interest in the cause so far as it affects the other defendants. The issues as to each defendant are a distinct, separate and wholly independent cause of action. It is to be observed that the order is in terms an order of dismissal *with · prejudice*. Under the statute cited supra, this means that "no other or further action or proceeding based on the same cause of action set up in the complaint or cross-complaint" may be maintained. The law suit is ended as to the parties affected by the order of dismissal and ·such order is in effect a final judgment.

The appeal was properly taken and the motion to dismiss must be denied, and it is so ordered.

BRICE, ZINN, SADLER, and MABRY, JJ., concur.