94 P.2d 977

**SPRINGER TRANSFER CO. v. BOARD OF COM'RS OF BERNALILLO COUNTY.**

**No. 4446.**

Supreme Court of New Mexico.

Sept. 19, 1939.

W. A. Keleher and Theo. E. Jones, both of Albuquerque, for appellant.

Owen B. Marron, Dist. Atty., and Donald B. Moses, Asst. Dist. Atty., both of Albuquerque, for appellee.

ZINN, Justice.

This suit was brought by plaintiff, appellant here, for consequential damages to its property by virtue of the construction of a subway in the City of Albuquerque. The County of Bernalillo and the City of Albuquerque were named as defendants.

The allegations in the complaint are that sometime during the year 1936 and prior to August 1, 1936, the defendant, City of Albuquerque, the defendant, The Board of County Commissioners of the County of Bernalillo, New Mexico, and the State of New Mexico, acting through its State Highway Commission, determined to con-

struct on Tijeras Avenue between Commercial and First Streets in the City of Albuquerque, an underpass or subway for vehicular and pedestrian traffic. In order to carry this determination into effect, the City of Albuquerque, The County of Bernalillo, New Mexico, and the State Highway Commission, agreed that said Tijeras Avenue between Commercial and First Streets in the City of Albuquerque should be and become a New Mexico State Highway. Acting thereon the street was converted into a New Mexico State Highway. Thereafter and on or about June 9, 1936, the defendant, City of Albuquerque, and the State of New Mexico, acting through its State Highway Commission, entered into a contract in writing which, among other things, provided that the City of Albuquerque would assume any and all responsibility for damages occasioned by the construction of the said underpass or subway as aforesaid.

That thereafter and in the month of July, 1936, the State of New Mexico, acting through its State Highway Commission, entered into a contract in writing with one Frank D. Shufflebarger whereby the said Frank D. Shufflebarger agreed to furnish the labor and materials and the necessary supervision for the construction of said underpass or subway. Pursuant to said contract between the State Highway Commission and Shufflebarger, Shufflebarger did on or about August 1, 1936, begin the construction of said underpass or subway which was carried to comple-

tion and finally accepted by the State Highway Commission as finished on or about April 10, 1937.

The plaintiff alleged that the work of construction during the course of the performance of said contract between the State Highway Commission and Shufflebarger caused certain damage to the business and property of the plaintiff, as specified in the complaint. The specific allegations of damage are not essential to this opinion.

The plaintiff also alleged that the construction work as done and completed damaged the freehold of the plaintiff and the improvements thereon in certain particulars, as set forth in the complaint. The complaint alleged that the damage done to the plaintiff's freehold and the improvements thereon is permanent and cannot be repaired or remedied in any way and has resulted in a depreciation of the value of the freehold and the improvements erected thereon, which total damage done to its property by reason of the facts alleged is to the extent of $35,000 and constitutes a damaging of private property for public use for which the defendant, The Board of County Commissioners of the County of Bernalillo, New Mexico, is liable under Article II, Section 20 of the New Mexico Constitution and for which the defendant, City of Albuquerque, is liable under its contract with the State of New Mexico.

The appellee answered, denying the allegations of the complaint. The case went

to trial before a jury, and at the conclusion of the plaintiff's case in chief, the court directed a verdict in favor of the defendant county, appellee here. The trial continued as to the defendant city. A judgment of dismissal on the merits as to the county was thereafter entered. From this judgment plaintiff duly appealed.

The appellee, county, now moves to dismiss the appeal on the ground that the judgment as entered was not a final judgment. This is the only legal proposition before us.

It is the theory of the appellee that the judgment cannot be considered final as long as the City of Albuquerque remains a party defendant to the suit below without final disposition of the case against it, and without being joined as a party to the appeal in which the appellee's rights may be determined. In other words, the appellee contends that in order that there may be a conclusive mandate issued from this court, settling the litigation in its entirety and not piece-meal, this court cannot hear this appeal. Appellee cites as authority Shurtz v. Thorley, 1936, 90 Utah 381, 61 P.2d 1262; 2 Am.Jur. 866; and the notes in 80 A.L.R. 1186 supplemented by the notes in 114 A.L.R. 759.

Appellant contends that the judgment in favor of appellee is a final judgment and is one authorized by 1929 Comp.St., § 105-803, and therefore comes squarely within our decision in the case of Fullen v. Fullen, 21 N.M. 212, 153 P. 294, 298, where in construing § 105-803, supra, we said:

"It is argued generally that there can be but one decree in a case, and, the divorce decree being a final decree, the court could render no other or further final decree in the cause. The argument is based upon false assumption.

"(9) There may be more than one final decree in a given case. A final decree is one which 'disposes of the case or a distinct branch thereof.' 2 R.C.L., p. 40, § 22. It is one which—

"'either terminates the action itself, or decides some matter litigated by the parties, or operates to divest some right, in such manner as to put it out of the power of the court making the same, after the expiration of the term, to place the parties in their original condition.' 3 C.J. p. 441, §§ 258, 259 (4) (a).

"In 1 Black on Judgments, § 24, it is said:

"'But this rule (the rule that a judgment to be final must dispose of the entire case) does not apply where several distinct causes of action are united in the same suit.'

"He cites Klever v. Seawell, [6 Cir.], 65 F. 373, 12 C.C.A. 653, which fully supports the text.

"There is no rule of law, of which we are advised, which requires all of the separate and independent issues in a case to be decided at the same time. Where the cause of action is single, of course, all of the issues must be decided, or there will be no final judgment. But in a case like the present, where there are three distinct and

independent causes of action, which may, by express statutory authority (section 2774, Code 1915) be maintained either separately or jointly, there may be three distinct final judgments in the same case. Besides, in this jurisdiction, we have express statutory sanction for the rendition, when necessary, of more than one judgment in the same action. Section 4187, Code 1915. The practice of rendering separate judgments, even where allowable, is not to be encouraged, because it may lead to the necessity of two or more appeals in the same case. But the question of the existence of such necessity, we assume, may well be left to the discretion of the district courts."

Appellant also argues that even if the court rules that § 105-803 and our decision in the case of Fullen v. Fullen, supra, does not cover its situation, the appeal is still proper in that the action was not necessarily one against all the defendants as joint tortfeasors, because their interests were not identical but severable, and therefore is not a case of joint liability of the defendants but rather the contrary. The appellant contends that it could have brought separate suits and would have been entitled to pursue each to judgment and not until there had been satisfaction of one judgment could it operate as a bar to the collection of the other.

Plaintiff's theory of joining both defendants in one suit was not that they must be joined in order to prosecute the action or that the liability of one defendant depended on that of the other defendant, but they were joined solely as a matter of convenience and speedy expedition of plaintiff's claim for damages.

■ While appellant does not concede that the theory of liability as to either defendant is tort, still, inasmuch as the theory is tort as distinguished from contract (In re Atchison T. & S. F. R. Co.'s taxes, 41 N.M. 9, 63 P.2d 345), the analogies to tort actions may be very close. Appellant argues that even where there are joint tortfeasors, separate actions may be prosecuted against each, and a judgment against one does not bar proceedings against the others. It is not until there has been satisfaction of one judgment that it will operate as a bar to the proceedings against the other defendants. The appellant cites as authority the cases collected in notes: 27 A.L.R. 805; 65 A.L.R. 1087; Adams v. Southern Pacific Co., 1928, 204 Cal. 63, 266 P. 541, 544, 57 A.L.R. 1066; Muller v. Coast Counties Gas & Electric Co., Cal.App.1928, 271 P. 338.

■ At the outset we point out that this case does not come within the provisions of § 105-803, supra. Said provision of law is applicable by its express terms where the action is brought "* * * against two or more defendants jointly or severally liable on a contract * * *."

The case of Fullen v. Fullen, supra, likewise is not necessarily controlling, in that the law under which suit was instituted in the Fullen case (1929 Comp.St. § 68-502) expressly authorized the maintenance of three distinct and independent causes of

action, and which may be maintained either separately or jointly, as pointed out in our opinion in that case.

In the case before us we are faced with a some what more complex situation than that we recently faced in the case of City of Roswell v. Jennie M. Holmes, 43 N. M. 303, 92 P.2d 889, where the City of Roswell commenced suit to foreclose certain assignable certificates and paving liens. In the Roswell case numerous defendants as owners each of separate pieces of property, all subject to separate liens, were joined as defendants pursuant to the authorization of § 82-303, N.M.S.A.1929. Some of the defendants moved for an order of dismissal as to them because there had been no prosecution of the action for two years, invoking the provisions of Ch. 121, L.1937. Upon the hearing the district court sustained the motion and entered an order of dismissal with prejudice as to the moving defendants. The cause remained undisposed of as to the remaining defendants.

Appellees moved to dismiss the appeal on the ground that the order appealed from is not a final judgment.

We said in that case: "We find no difficulty in reaching the conclusion that while many defendants are joined in the action, the proceeding is against them severally. The liability of the various defendants to the plaintiff City of Roswell is not a joint liability. The appellees (defendants) individually have no interest in the cause so far as it affects the other defendants. The issues as to each defendant are a distinct, separate and wholly independent cause of action."

The plaintiff in the case now under consideration seeks the recovery of damages from the City of Albuquerque and the County of Bernalillo as co-defendants, jointly and severally. The basis of the claimed liability of each of the defendants is predicated on separate theories; the county as liable to the plaintiff pursuant to Article II, § 20, of the N.M.Const.; the city as liable under the terms of its contract with the State of New Mexico whereby, as alleged by the plaintiff, the city assumed all responsibility for damages occasioned by the construction of the underpass.

Although in the case of In re Atchison, T. & S. F. R. Co.'s Taxes, etc., supra, we inferentially said that suits for consequential damages resulting from the taking of property for a right of way for highway purpose are classified of necessity as ex delicto as distinguished from actions ex contractu, we are not necessarily controlled by the rule contended for by appellee and which it claims is applicable in tort actions. See cases collected in 80 A.L.R. 1186 and 114 A.L.R. 759.

The case before us is not necessarily one of joint liability. The liabilities, if any, of the City of Albuquerque, and the County of Bernalillo, are not identical but severable and are founded or predicated on different legal theories. The liability of each defendant is not dependent upon the

liability of the other defendant. The liability, if any, of the City of Albuquerque to the appellant is founded upon its contract to pay damages resulting from the construction of the underpass. This sounds more in the nature of indemnity than it does in tort. The liability, if any, of the appellee on the other hand is founded upon the constitutional guarantee that no man's property shall be taken for public use without compensation.

Although a suit for consequential damages may be analogous to actions ex delicto in the method of proving damages and possibly in other ways, yet the liability of the defendants in this action originates from a different well spring than tort.

Assuming the general rule to be that in tort actions separate appeals from judgments against different defendants are not tolerated, we find that an analysis of the reasons which have been advanced by the courts in the establishment of this rule makes the rule inapplicable here. The appellee places chief reliance upon the case of Shurtz v. Thorley, supra. This case, however, must now be read in the light of the later pronouncement by the Utah Supreme Court in the case of Attorney General v. Pomeroy, 1937, 93 Utah 426, 73 P.2d 1277, 1294, 114 A.L.R. 726. In the latter case the court concludes that "identical" really means dependency and that where the liability of one defendant is dependent upon the liability of another, an order dismissing the former is not a final order. The Utah court reasoned the matter as follows:

"We do not pretend to lay down a completely comprehensive definition or test of what constitutes such a severable interest in a suit as to make such judgment of dismissal final as to the plaintiff and such defendant for purposes of appeal. But it seems that in order to be severable, and therefore appealable, any determination of the issues so settled by the judgment of dismissal must not affect the determination of the remaining issues whether such judgment on appeal is reversed or affirmed, nor may the determination of the issues remaining affect the final determination of the issues between plaintiff and the dismissed defendant. If the determination of the issues relating to the dismissed defendant will or may affect the determination of the remaining issues, the judgment of dismissal is not appealable. Perhaps another way of saying it would be that the judgment is severable when the original determination of those issues by the trial court and reflected in the judgment or any determination which could be made as the result of an appeal cannot affect the determination of the remaining issues of the suit, nor can the determination of such remaining issues affect the issues between plaintiff and the dismissed defendants if such defendants are restored to the case by a reversal.

"It seems to us that, unless the term 'identity of interests,' is defined, it does not much aid as a test, but the test rather

is whether the determination of the issues as to any defendant depends on or affects the determination of the issues as to the other defendants. If 'identical interests' means that each defendant has the identical interest in defeating the judgment sought even though not the identical basis, of liability, this may or may not be the test of a severable judgment.

"But we believe that in all such cases it will be found that issues as to each defendant are so connected or interlocked that the determination as to one set will affect the determination of the other set. In the Rocca Case [Rocca v. Steinmetz, 189 Cal. 426, 208 P. 964] the bases of liability or issues were not identical, yet the determination of the father's liability somewhat depended on the outcome of the issues as to the son. If the claimed basis of liability of the dismissed defendants is connected with or so related to the claimed basis of liability of the remaining defendants so that one may affect the other, a judgment as to the discharged defendants is ordinarily not appealable until the issues as to the remaining defendants are settled."

██ Some courts have thought that the danger of piece-meal appeals should be of paramount importance in deciding the question. We intimated as much in the case of Fullen v. Fullen, supra. But guided by the reasoning found in the Pomeroy case, supra, it seems to us that the appellee cannot rightly be concerned about the disposition of the cause as to the City of Albuquerque, the other defendant. Separate suits could have been filed and pursued to judgment and appeals taken. The County of Bernalillo could not have raised the objection that another suit was pending against another party by the same plaintiff, if separate suits had been instituted by the plaintiff, unless and until there had been complete satisfaction by the City of Albuquerque of a judgment secured against it. The converse is likewise true, in that the County of Bernalillo could not complain that both defendants are joined in the same suit.

Viewing it from another angle. Suppose we should eventually hold both the City and County liable to plaintiff. Then this cause would be sent back for trial as to the County. Conceivably plaintiff might eventually have two judgments, one against the City, the other against the County. But even then appellee would be no worse off than it would have been had separate suits been filed. Not until there has been satisfaction of one judgment could enforcement of the other be precluded.

It seems to us that in this case every issue as to the County was different from that as to the City except as to the item of damage. The main and principal question in the case is and was who is the paymaster and the legal theory designating the paymaster.

As pointed out by Mr. Justice Wolfe of the Utah Supreme Court in the Pomeroy

case, supra, there may be some reason for holding that where the liability of one defendant is dependent on that of another defendant, an order of dismissal as to the former is not an appealable final order until the later has been disposed of. Thus where the cause of action is against master and servant and the master's liability is predicated on the doctrine of respondeat superior, the master is not liable if the servant is not. Begin v. Liederbach Bus Co., 1926, 167 Minn. 84, 208 N.W. 546; Lahr v. Chicago & N. W. R. Co., 1931, 212 Iowa 544, 234 N.W. 223; Note 9 Ann. Cas. 660. And that was the basis for the holding in the recent Colorado case of Boxwell v. Greeley Union Nat. Bank, 89 Colo. 574, 5 P.2d 868, 80 A.L.R. 1179. Compare Rocca v. Steinmetz, 189 Cal. 426, 208 P. 964, criticised in the Pomeroy case. But such a rule is not applicable to the facts of this case because the liability of the appellant is in no sense dependent on the liability of the City of Albuquerque.

We favor every attempt to reach an early and speedy disposition of causes, though at the same time condemning piecemeal appeals. Old forms and rules have been discarded to make way for a determination of causes on their merits and to place liability where it belongs. In Territory v. Mills, 16 N.M. 555, 120 P. 325, the practice of taking judgment against one defendant and proceeding against others in the same action was commended. In McDonald v. Mazon, 23 N.M. 439, 168 P. 1069, it was held that a joint judgment could be reversed as to one defendant and affirmed as to another. In Miranda v. Halama-Enderstein Co., 37 N.M. 87, 18 P.2d 1019, it was held that where two are sued for a joint wrong, judgment may be in favor of one and against the other. Sec. 76-101, N.M.S.A.1929, permits contribution between joint tort-feasors. All these show an inclination to view problems of procedure broadly.

It would seem that in the instant case the issues are sufficiently dissimilar and independent so that the judgment which finally settled the issues as to the appellant must be held to be a final and appealable judgment.

Viewing the matter as we do, the motion of the appellee to dismiss the appeal is denied. It is so ordered.

BICKLEY, C. J., and BRICE and SADLER, JJ., concur.

MABRY, J., did not participate.