375 P.2d 214

**Paul KLINCHOK, Plaintiff-Appellant,**

v.

**WESTERN SURETY COMPANY OF AMERICA, Defendant-Appellee.**

No. 7141.

Supreme Court of New Mexico.

Oct. 10, 1962.

Key, Cohen & May and H. Wells Kilbourne, Albuquerque, for appellant.

Rodey, Dickason, Sloan, Akin & Robb, Albuquerque, for appellee.

MOISE, Justice.

Appellant, Paul Klinchok, filed suit against appellee Western Surety Company of America, surety on the official bond of Medardo F. Sanchez, Sheriff of Valencia County, and against Medardo F. Sanchez, Sheriff of Valencia County, and several other defendants, claiming damages for injuries allegedly suffered because of the negligence of the several defendants.

On December 13, 1960, pursuant to motion to dismiss filed by Medardo F. Sanchez and appellee, an order was entered dismissing the complaint as to appellee and taking under advisement the motion to dismiss with respect to Medardo F. Sanchez.

Thereafter, on motion of appellant, an order was entered on October 11, 1961, allowing appellant to amend his complaint, and on the same date an amended complaint was filed.

On October 16, 1961, appellee filed a motion requesting the court to set aside the order of October 11, 1961, allowing appellant to file an amended complaint, and on November 7, 1961, the court entered an or-

der which recites that the motion of appellant to set aside the order dismissing appellee entered on December 12, 1960, was overruled and that the motion of Medardo F. Sanchez and appellee are sustained and the complaint and amended complaint against them dismissed. An appeal was granted from this order.

Appellee has moved in this court for dismissal of the appeal insofar as the same pertains to it because not timely. It is appellee's position that under Rule 5(1) (§ 21–2–1(5) (1), N.M.S.A.1953) appeal had to be allowed not later than 30 days after December 13, 1960, when the court ordered the cause dismissed as to it. If, under the circumstances of this case, the December 13, 1960, order was appealable, this contention would be correct. William K. Warren Foundation v. Barnes, 67 N.M. 187, 354 P.2d 126; Chavez v. Village of Cimarron, 65 N.M. 141, 333 P.2d 882.

Appellant resists the motion to dismiss on the ground that the order sustaining the motion to dismiss for failure of the complaint to state a cause of action was not final in that appellant still had a right to amend his complaint which was subsequently done with leave of court. Accordingly, he argues that the only final order was the one dismissing the amended complaint on November 7, 1961, and the appeal was thereafter timely allowed.

After briefing the case on this basis, a question arose on the oral arguments as to whether or not the November 7, 1961, order was a final order appealable under our rules, or if the appeal should be dismissed as premature.

Supreme Court Rule 5(1) (§ 21–2–1(5) (1), N.M.S.A.1953) provides for appeals from final judgments. Rule 5(2) (§ 21–2–1 (5) (2), N.M.S.A.1953) provides for appeals from interlocutory judgments, orders or decisions which practically dispose of the merits of an action. Are either of the orders dismissing the complaint as to one or more of the parties but not as to others appealable orders under either of these rules?

In Springer Transfer Co. v. Board of Com'rs of Bernalillo County, 43 N.M. 444, 94 P.2d 977, we considered the question of whether plaintiff could appeal from dismissal of its action against Bernalillo County while the litigation proceeded against the City of Albuquerque. The case was one in which plaintiff sought recovery of damages against the two defendants, jointly and severally. However, the liability of the two was based on different theories. The plaintiff claimed the County was liable under Art. II, § 20, N.M.Const., and the City by virtue of a contract between it and the State of New Mexico to assume the payment of the damages. The court concluded that the case was not necessarily one of joint liability, and while stating that generally the rule is to the effect that in tort actions separate appeals from judgments against different defendants are not permitted, the case was

not of this class. As to what facts or circumstances make a case appealable when not fully disposed of, the following was quoted with approval from Attorney General of Utah v. Pomeroy, 93 Utah 426, 73 P.2d 1277, 114 A.L.R. 726:

"We do not pretend to lay down a completely comprehensive definition or test of what constitutes such a severable interest in a suit as to make such judgment of dismissal final as to the plaintiff and such defendant for purposes of appeal. But it seems that in order to be severable, and therefore appealable, any determination of the issues so settled by the judgment of dismissal must not affect the determination of the remaining issues whether such judgment on appeal is reversed or affirmed, nor may the determination of the issues remaining affect the final determination of the issues between plaintiff and the dismissed defendant. If the determination of the issues relating to the dismissed defendant will or may affect the determination of the remaining issues, the judgment of dismissal is not appealable. Perhaps another way of saying it would be that the judgment is severable when the original determination of those issues by the trial court and reflected in the judgment or any determination which could be made as the result of an appeal cannot affect the determination of the remaining issues of the suit, nor

can the determination of such remaining issues affect the issues between plaintiff and the dismissed defendants if such defendants are restored to the case by a reversal.

"It seems to us that, unless the term 'identity of interests,' is defined, it does not much aid as a test, but the test rather is whether the determination of the issues as to any defendant depends on or affects the determination of the issues as to the other defendants. If 'identical interests' means that each defendant has the identical interest in defeating the judgment sought even though not the identical basis, of liability, this may or may not be the test of a severable judgment.

"But we believe that in all such cases it will be found that issues as to each defendant are so connected or interlocked that the determination as to one set will affect the determination of the other set. In the Rocca Case [Rocca v. Steinmetz, 189 Cal. 426, 208 P. 964] the bases of liability or issues were not identical, yet the determination of the father's liability somewhat depended on the outcome of the issues as to the son. If the claimed basis of liability of the dismissed defendants is connected with or so related to the claimed basis of liability of the remaining defendants so that one may affect the other, a judg-

ment as to the discharged defendants is ordinarily not appealable until the issues as to the remaining defendants are settled."

Notes in 80 A.L.R. 1186 and 114 A.L.R. 759 announce the general rule to be as above set forth.

For situations where the general rule has been held not applicable in New Mexico, in addition to Springer Transfer Co. v. Board of Com'rs of Bernalillo County, supra, we call attention to City of Roswell v. Holmes, 43 N.M. 303, 92 P.2d 889, and State ex rel. Reynolds v. Sharp, 66 N.M. 192, 344 P.2d 943.

The instant case is, in our view, a proper case for application of the general rule. Appellee was sued as surety on the official bond of Medardo F. Sanchez. Both appellee and Medardo F. Sanchez interposed their motion to dismiss on the ground that the complaint failed to state a cause of action. On December 13, 1960, the motion was sustained only as to appellee and was taken under advisement as to defendant, Sanchez. If subsequently it should develop that defendant, Sanchez, was liable to appellant, the question of appellee's liability on its bond could re-enter. In situations where the theory of liability of the dismissed defendant is so related to or connected with the theory of liability of the other defendant or defendants, so that one affects the other, generally an appeal from an order dismissing the complaint as to one or more of

the defendants will not be entertained until all issues are settled as to all the other defendants. Attorney General of Utah v. Pomeroy, supra. A contrary conclusion with respect to the December 13, 1960, order would result in piece-meal appeals. Also, without expressing any opinion as to appellee's possible liability, in the event the principal on the bond is found liable, the surety would have been discharged because of failure to take a timely appeal.

The December 13, 1960, order was not appealable under either Supreme Court Rule 5(1) or 5(2) (§§ 21–2–1(5) (1) and 21–2–1(5) (2), N.M.S.A.1953). The conclusion must be the same as to the order of November 7, 1961. It was not a final order and, to say the least, to permit it to be appealable would result in piece-meal consideration. The present appeal should be dismissed as premature. The ends of justice and orderly procedure are best served by adherence to and application of the general rule.

We do not consider the very interesting question of whether Rule 54(b) (§ 21–1–1 (54) (b), N.M.S.A.1953) is applicable where a complaint is dismissed as to one of several defendants, and not as to others. There was no attempt by the court to give finality to either of its orders of dismissal. Accordingly, it is not necessary for us to consider if it could do so under Rule 54(b). Compare Chronister v. State Farm Mutual

Automobile Insurance Company, 67 N.M. 170, 353 P.2d 1059.

For the reasons stated the appeal herein is dismissed, and the cause remanded to the district court with instructions to proceed with the cause to its final disposition, all orders of dismissal heretofore entered by the court to remain subject to such modification or vacating as may be required.

IT IS SO ORDERED.

COMPTON, C. J., and NOBLE, J., concur.

CARMODY and CHAVEZ, JJ., not participating.