423 P.2d 429

**Rosa LOPEZ, Individually and as Next Friend of Sammy Lopez, a Minor, Rita · Lueras, Individually and Next Friend of Joe Lueras, Rueben Lueras, Terri Ann Lueras and Arthur Lueras, All Minors, and Julian Lueras, as Next Friend of Bernice Lueras, a Minor, Plaintiffs-Appellants,**

**v.**

**John C. HOFFMAN and Fire District No. 2, a/k/a Barcelona Fire District, a/k/a Five Points Fire District, Defendants-Appellees.**

**No. 8086.**

Supreme Court of New.Mexico.

. Jan. 30, 1967.

Sheehan & Duhigg, Paul S. Cronin, Albuquerque, for appellants.

Modrall, Seymour, Sperling, Roehl & Harris, Henry G. Coors, Albuquerque, for appellees.

## OPINION

MOISE, Justice.

This action was commenced by plaintiffs-appellants seeking damages for injuries allegedly resulting from the negligence of defendant Hoffman while operating a truck belonging to defendant-appellee Fire District.

Summary judgment dismissing appellants' action against appellees was granted, leaving undetermined the issue of Hoffman's liability to appellants. Before reaching the points raised on the appeal we observe that this is a case wherein two defendants were sued on account of a single claim for damages. In Springer Transfer Co. v. Board of Com'rs of Bernalillo County, 43 N.M. 444, 94 P.2d 977, we discussed in considerable detail the considerations which go into determining if a judgment affecting one of several parties sued is final. We there quoted from Attorney General of Utah v. Pomeroy, 93 Utah 426, 73 P.2d 1277, 114 A.L.R. 726, to the effect that:

"* * * If the determination of the issues relating to the dismissed defendant will or may affect the determination of the remaining issues, the judgment of dismissal is not appealable. Perhaps an-other way of saying it would be that the judgment is severable when the original determination of those issues by the trial court and reflected in the judgment or any determination which could be made as the result of an appeal cannot affect the determination of the remaining issues of the suit, nor can the determination of such remaining issues affect the issues between plaintiff and the dismissed defendants if such defendants are restored to the case by a reversal."

Although in the Springer Transfer Co. case it was concluded that the issues related to the two defendants were independent and dissimilar and that the order dismissing one of them was final and appealable, the same considerations require a different result here.

This is a tort action wherein appellee's liability, aside from legal defenses, which were the basis for the summary judgment, arose out of and is controlled by whether Hoffman was negligent. To allow an appeal to proceed, in circumstances such as here present, would permit piecemeal consideration and determination of a case contrary to good practice. Springer Transfer Co. v. Board of Com'rs of Bernalillo County, supra. It seems amply evident that we have one claim being asserted against two defendants, and the dismissal of one is not a final judgment appealable under Supreme

398

Court Rule 5(1) (§ 21–2–1(5) (1), N.M.S.A. 1953). Neither is it an interlocutory order which practically disposed of the merits of the action and accordingly appealable under Supreme Court Rule 5(2) (§ 21–2–1(5) (2), N.M.S.A.1953). Compare Miller v. Montano, 48 N.M. 78, 146 P.2d 172.

We last considered a problem similar to the one presented here in Klinchok v. Western Surety Company of America, 71 N.M. 5, 375 P.2d 214, and there concluded that an order dismissing a claim against a surety was not final and appealable so long as the action against the principal was undetermined. The decision there is controlling here.

As in Klinchok, supra, we again note Rule of Civil Procedure 54(b) (§ 21–1–1(54) (b), N.M.S.A.1953), but do not consider its applicability. We recognize that there is considerable difference of opinion on this subject among the several circuits of the federal courts. See 6 Moore's Federal Practice 238, 245, §§ 54.33 and 54.34[2]; 3 Barron and Holtzoff, Federal Practice and Procedure 31, § 1193.2.

The judgment not being appealable, we must dismiss the present appeal.

It is so ordered.

CARMODY, J., and WOOD, J., Court of Appeals, concur.