430 P.2d 881

**Joe NICHOLS, Plaintiff-Appellant,**

v.

**TEXICO CONFERENCE ASSOCIATION OF SEVENTH DAY ADVENTISTS, a Corporation, and Mart Koger, Defendants-Appellees.**

**No. 36.**

Court of Appeals of New Mexico.

July 28, 1967.

Lorenzo A. Chavez, Melvin L. Robins, Albuquerque, for appellant.

Frank H. Allen, Jr., Kenneth L. Harrigan, Modrall, Seymour, Sperling, Roehl & Harris, Albuquerque, for appellee.

No appearance for Mart Koger.

OPINION

WOOD, Judge.

The judgment is appealable neither under § 21–2–1(5), N.M.S.A.1953, nor under § 21–1–1(54) (b), N.M.S.A.1953. Therefore, it is dismissed.

Plaintiff filed a personal injury suit against Texico (Texico Conference Association of Seventh Day Adventists, a corporation) and Koger (Mart Koger). The complaint asserts the same negligence on the part of each defendant. The trial court

directed a verdict in favor of Texico. Plaintiff's appeal is from the judgment entered on the directed verdict. The record does not show a disposition of the suit against Koger.

If the determination of the issues relating to Texico will or may affect the determination of the issues relating to Koger, the judgment in favor of Texico is not appealable under § 21–2–1(5), supra. If such interrelationship exists, there is but one claim against both defendants. If there is but one claim, Texico's judgment is neither a final judgment on that claim nor an interlocutory order which practically disposes of the merits of the action. Klinchok v. Western Surety Co. of America, 71 N.M. 5, 375 P.2d 214 (1962); Lopez v. Hoffman, 77 N.M. 396, 423 P.2d 429 (1967); Platco Corp. v. Colonial Homes, Inc., 78 N.M. 35, 428 P.2d 9 (1967).

If the determination of the issues relating to Texico cannot affect the determination of the issues relating to Koger, a separate claim is asserted against each defendant. In that situation, Springer Transfer Co. v. Board of Com'rs, 43 N.M. 444, 94 P.2d 977 (1939), held that a judgment as to one defendant was appealable.

However, the Springer case was decided prior to and thus without consideration of Rule 54(b) as amended in 1949. Section 21–1–1(54) (b), supra. The rule reads:

"When more than one [1] claim for relief is presented in an action, whether as a claim, counter-claim, cross-claim, or third-party claim, the court may direct the entry of a final judgment upon one [1] or more but less than all of the claims only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates less than all the claims shall not terminate the action as to any of the claims, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims."

If more than one claim is presented in this action the rule is applicable. If the rule is applicable, Texico's judgment is not a final judgment under § 21–2–1(5) (1), N.M.S.A.1953, because in entering judgment on the directed verdict the trial court did not make an express determination and did not give an express direction pursuant to the rule.

If the rule is applicable, in the absence of such express action, the trial court retains jurisdiction to revise the judgment at any time before the entry of judgment adjudicating all the claims. Because power to alter Texico's judgment is reserved, the judgment is not one that practically disposes of the merits of the action under § 21–2–1(5) (2), N.M.S.A.1953. Republic of China v. American Express Co., 190 F.2d 334 (2nd Cir. 1951). See Chronister v. State Farm Mutual Automobile Ins. Co., 67 N.M. 170, 353 P.2d 1059 (1960); 6 J. Moore, Federal Practice ¶ 54.28, at 214, and ¶ 54.34, at 240 (2d ed. 1965).

Texico's judgment is not appealable. The appeal is dismissed.

It is so ordered.

HENSLEY, C. J., and SPIESS, J., concur.