479 P.2d 767

**Liberato LEAL and Isabel G. Leal, Plaintiffs-Appellants,**

**v.**

**Valentin LEAL et al., Defendants-Appellees.**

: **Candido APODACA, Plaintiff-Appellee,**

**v.**

**Clifford BLOSSOM and Juliet Leal Blossom, Defendants-Appellants.**

**No. 9040.**

Supreme Court of New Mexico.

Dec. 28, 1970.

Rehearing Denied Jan. 25, 1971.

N. Tito Quintana, Albuquerque, for appellants.

Ussery, Burciaga & Parrish, Albuquerque, for appellees.

OPINION

SISK, Justice.

This is an appeal from consolidated quiet title suits pertaining to real estate in Sandoval County, New Mexico. Appellants purport to appeal from a "Final Order and Decree" entered in the consolidated causes on June 18, 1969, insofar as it quiets title in the appellee Candido Apodaca to a tract identified as the Westerly Extension of Tract 84-A, Map 16, Middle Rio Grande Conservancy District, and to a portion of Tract 16, Map 16, Middle Rio Grande Conservancy District, which borders appellants' Tract 15 of said map.

Both parties had filed separate actions in which they named each other, and other persons, as defendants, and in which they each sought to quiet title to lands in addition to that here in dispute. The actions were consolidated by order entered May 16, 1967.

The "Final Order and Decree" entered in the consolidated causes on June 18, 1969 recited that it was made on the application of Candido Apodaca and granted the relief sought by him. Notice of Appeal in the consolidated cases was filed on July 18, 1969.

On March 30, 1970, however, a "Supplemental Final Order and Decree" was entered in the consolidated causes, subsequent to which no additional Notice of Appeal was ever filed.

We thus are confronted with the jurisdictional question concerning whether the 1969 Decree was appealable under Rule 54(b) of the Rules of Civil Procedure (§ 21–1–1(54) (b), N.M.S.A.1953). The 1970 Decree recited:

"This Court having heretofore on June 18, 1969, entered its Final Order and Decree, quieting title in Candido Apodaca to the properties described in Exhibits A and B therein, and the Court being advised that certain of the tracts of property described in Exhibit A in the Complaint in Cause No. 3997 are undisputed by any of the parties in consolidated Causes Nos. 3910 and 3997, finds that said Final Order and Decree should be supplemented to include the quieting of title of said tracts of property in Liberato Leal and Isabel G. Leal, plaintiffs in Cause No. 3997.

"This cause therefore coming on to be heard on its merits upon the application of LIBERATO LEAL and ISABEL G. LEAL for such Supplemental Final Order and Decree * * * and the Court * * * finds the facts to be as follows:

"1. That the Court has jurisdiction over the subject matter of this action and over the parties in this consolidated cause; that the parties include all of the defendants in Cause No. 3910 and all of the defendants in Cause No. 3997, as well as the Plaintiff, CANDIDO APODACA, in Cause No. 3910; that all such parties in said Cause No. 3910 and Cause No. 3997, except LIBERATO LEAL and ISABEL G. LEAL, are referred to hereinafter as 'adverse parties.' * * *."

The 1970 Decree then awarded certain tracts to appellants Liberato and Isabel Leal, excluded certain property awarded to appellee in the 1969 Decree, and finalized the determination of any overlap between Tract 15 and Tract 16 by reciting:

"6. If there is a conflict between Tract 15 and Tract 16 it is to be resolved in accordance with Candido Apodaca's Final Order and Decree filed June 18, 1969."

At the time the 1969 Decree was entered, from which the appeal was purportedly taken, Rule 54(b), supra, read:

"Judgment Upon Multiple Claims. When more than one claim for relief is presented in an action, whether as a claim, counter-claim, cross-claim, or third-party claim, the court may direct the entry of a final judgment upon one or more but less than all of the claims only upon an express determination that there is no just reason for delay *and* upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates less than all the claims shall not terminate the action as to any of the claims, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims." (Emphasis ours.)

The last paragraph of the 1969 Decree recites:

"That the entry of this Final Decree as a Final Order and Decree adjudicating all claims involved in the above-entitled action is hereby expressly directed."

There is no "express determination that there is no just reason for delay" as required by the rule if a final judgment is to be entered as to fewer than all of the claims or parties, and the statement that it is adjudicating all claims is discounted by the above-quoted recitals from the 1970 Decree which establish that at the time of the filing of the Notice of Appeal there were unadjudicated claims outstanding.

Although the jurisdictional question was not raised by any party, we must raise it on our own motion. Carpenter v. Merrett, 82 N.M. 185, 477 P.2d 819 (decided December 7, 1970); Voisen v. Kantor, 81 N. M. 560, 469 P.2d 709 (1970); Aetna Casualty & Surety Co. v. Miles, 80 N.M. 237, 453 P.2d 757 (1969); Nichols v. Texico Conference Ass'n, 78 N.M. 310, 430 P.2d

 

881 (1967); Chronister v. State Farm Mutual Automobile Ins. Co., 67 N.M. 170, 353 P.2d 1059 (1960). In Central-Southwest Dairy Cooperative v. American Bank of Commerce, 78 N.M. 464, 432 P.2d 820 (1967), it was held: "Both the 'express determination' and the 'express direction' must be present." Only the latter of these two requirements was omitted from the amendment to Rule 54(b) which became effective October 1, 1969.

The 1969 Decree was not appealable absent such "express determination." The Notice of Appeal was not timely as to the 1970 Decree, and we lack jurisdiction. Public Service Company v. Wolf, 78 N.M. 221, 430 P.2d 379 (1967).

The appeal must be dismissed, and it is so ordered.

WATSON and McKENNA, JJ., concur.