630 P.2d 1237

**Frankie L. McKEE, Individually and as Personal Representative of the Estate of Mona V. McKee, Deceased, Plaintiff-Appellee,**

v.

**UNITED SALT CORPORATION, Gary W. Grice and Richard G. Patton, Defendants-Appellants.**

**No. 4463.**

Court of Appeals of New Mexico.

Dec. 4, 1980.

James C. Ritchie, Rodey, Dickason, Sloan, Akin & Robb, P. A., Albuquerque, for defendants-appellants.

Thomas G. Fitch, Socorro, for plaintiff-appellee.

## OPINION

HERNANDEZ, Judge.

Plaintiff brought suit as the personal representative of the estate of decedent, who was killed in an automobile accident. Plaintiff alleged that the two individuals in the other vehicle were liable for negligent operation of the vehicle. Plaintiff also alleged that the individuals were employees of defendant United Salt Corporation, and that United Salt was liable vicariously as employer and was liable for negligent entrustment of the vehicle. The two individual defendants failed to answer or appear, and default judgment was entered against them under New Mexico Rule of Civil Procedure 54(b). United Salt moved to set

aside the default judgment against the two other defendants. The motion was denied by the district court, and this court granted interlocutory appeal. We affirm.

The district court granted default judgment under Rule 54(b)(2), which provides as follows:

> (2) Judgment involving multiple parties. When multiple parties are involved, judgment may be entered adjudicating all issues as to one or more, but fewer than all parties. Such judgment shall be a final one unless the court, in its discretion, expressly provides otherwise and a provision to that effect is contained in the judgment. If such provision is made, then the judgment shall not terminate the action as to such party or parties and shall be subject to revision at any time before the entry of judgment adjudicating all claims and the rights and liabilities of all the parties.

The district court judgment is entitled "FINAL JUDGMENT (As to Some Defendants)," and states that "this judgment shall constitute a final judgment and order against Defendants Gary W. Grice and Richard W. Patton." Under Rule 54, the judgment then terminated the action as to Grice and Patton and was not subject to revision.

United Salt contends that the district court erred in refusing to set aside the default judgment against the individual defendants because the judgment materially prejudices the rights of United Salt in defending on the claims against it. This argument is based on what defendant calls the "*Frow* doctrine," from *Frow v. De La Vega*, 82 U.S. (15 Wall.) 552, 21 L.Ed. 60 (1872). The *Frow* case involved a bill in equity to restrain defendants from claiming title to certain lands because of an alleged conspiracy. The Supreme Court held that a final decree on the merits could not be made separately against one of the defendants where a joint charge was still pending against the others.

The true mode of proceeding where a bill makes a joint charge against several defendants, and one of them makes default, is simply to enter a default and a formal decree *pro confesso* against him, and proceed with the cause upon the answers of the other defendants * * * * *Frow v. De La Vega, supra.* Federal courts have expressed doubt whether the *Frow* holding is still applicable under modern rules of procedure. *See Redding & Company, Inc. v. Russwine Construction Corporation,* 463 F.2d 929 (D.C.Cir.1972). Nonetheless, the doctrine has been said to have a limited application in modern proceedings. "We think it most unlikely that *Frow* retains any force subsequent to the adoption of Rule 54(b). In any event, at most, *Frow* controls in situations where the liability of one defendant necessarily depends upon the liability of the others." *International Controls Corporation v. Vesco,* 535 F.2d 742 (2d Cir. 1976). This court has also held that a directed verdict against one of multiple defendants is not final and appealable under Rule 54(b) if the issues determined as to that one defendant "will or may affect the determination of the issues" relating to the other defendants. *Nichols v. Texico Conference Association of Seventh Day Adventists,* 78 N.M. 310, 430 P.2d 881 (Ct.App. 1967).

The question to be resolved, then, is whether the claims against the defendants are joint claims for which the default judgment "will or may affect" the trial to determine the liability of United Salt. If the liability of United Salt necessarily depends upon the liability of the individual defendants, the default judgment should not be final.

■ Plaintiff alleged as one basis of liability in his complaint the vicarious liability of an employer for the torts of employees acting within the scope of their employment. This claim is a joint claim against the defendants, because the liability of the employer necessarily depends upon a showing that a tort was committed by employees acting within the scope of their employment, and employees are liable upon the showing that they committed the tort. *See Samedan Oil Corp. v. Neeld,* 91 N.M. 599, 577 P.2d 1245 (1978). Thus, even though

the second claim against United Salt is not a joint claim [1], the fact that one is a joint claim is sufficient to apply the case law cited above. United Salt's position is technically correct under the rules of law cited, and a final default judgment should not have been ordered.

Plaintiff asserts, however, that United Salt has no standing to challenge the validity of the final judgment in this appeal. The general rule of law is that "[a] court of review will not entertain assignments of error which may be prejudicial or injurious to others but not as to him." 5 C.J.S. Appeal and Error § 1497. United Salt's contention on appeal is that the district court committed error which will be prejudicial to it at trial. In order to determine if United Salt has standing, then, we must examine the merits of that claim. No prejudice is shown by United Salt in its pleadings. The possibility of prejudice at trial can be prevented by a motion *in limine* to restrict testimony about the judgment, or by voir dire examination and correct jury instructions regarding any such testimony. There is no indication that the final default judgment will present any greater inducement for perjury by the individual defendants than might exist in any civil action. Because we find no substantial basis for believing that United Salt will be prejudiced or injured by the error, there is no standing for this appeal from that judgment.

Even if there were standing, however, the same result would be reached under the "harmless error" rule. The precise issue in this case is the alleged error of the district court in refusing to set aside the final default judgment. Setting aside a judgment under Rule 60(b) is discretionary with the trial court, and appellate courts will not interfere with the action of the trial court except upon a showing of abuse

of discretion. *Phelps Dodge Corp. v. Guerra*, 92 N.M. 47, 582 P.2d 819 (1978). Discretion, in this sense, is abused only when the judge has acted arbitrarily or unreasonably under the particular circumstances. *Richins v. Mayfield*, 85 N.M. 578, 514 P.2d 854 (1973). Rule 61 necessarily confers discretion upon the trial court to refuse to set aside a judgment if this would not be "inconsistent with substantial justice." *See Adams & McGahey v. Neill*, 58 N.M. 782, 276 P.2d 913 (1954).

While the final default judgment was technically in error under the *Frow* doctrine, this court should not reverse the district court's decision not to set aside that judgment unless there is an abuse of discretion. There were sound reasons for the district court's decision. The final judgment will prevent delay in seeking to satisfy the judgment obligation of those defendants who did not appear and defend against the claim. The possibility of prejudice, as stated above, can be handled through regular trial procedures. Finally, it should be noted that United Salt has been represented by counsel in this action from the outset, and was given notice of plaintiff's application for default judgment. United Salt had the opportunity then to present its arguments against the default judgment or to take other steps to avoid such judgment, but it did nothing and final judgment was given. We do not believe, under these circumstances, that the district court's refusal to set aside the default judgment was arbitrary or unreasonable.

The judgment of the district court is affirmed.

IT IS SO ORDERED.

ANDREWS, J., concurs.

SUTIN, J., dissents.

---

1. The second claim against United Salt was for negligent entrustment of the vehicle. "The rationale of the 'negligent entrustment' cases is not founded upon the negligence of the driver of the automobile but upon the *primary* negligence of the entruster in supplying the chattel, an automobile, to an incompetent and reckless driver." *Upland Mutual Insurance, Inc. v. Noel*, 214 Kan. 145, 519 P.2d 737 (1974). This claim was not, then, a joint claim against United Salt because it did not necessarily depend upon the liability of the other defendants to find liability of United Salt.

SUTIN, Judge (dissenting).

I dissent.

Plaintiff's complaint alleged that "Defendant Gary W. Grice *or* Defendant Richard G. Patton, negligently drove a 1971 GMC diesel truck tractor owned by Defendant United Salt Corporation, which negligent operation proximately caused the death of *Mona V. McKee.*" [Emphasis added.]

The complaint also alleged that Grice and Patton individually were entrusted with the vehicle. No judgment was entered on the entrustment theory alleged in plaintiff's complaint.

The complaint also sought compensatory damages in the sum of $250,000.00 and punitive damages in the sum of $100,000.00.

The default judgment entered as a Final Judgment found that "Defendant Gary W. Grice *and* Defendant Richard G. Patton, negligently drove a 1971 GMC diesel truck tractor * * * which negligent operation proximately caused the death of Mona V. McKee"; "That the operation * * * by Gary W. Grice *and* Richard G. Patton was reckless, wanton, willful and with total disregard for the life and property of others, including *Mona V. McKee*"; "That the sole and proximate cause of the actions of Defendants Gary W. Grice *and* Richard G. Patton * * * and plaintiff * * * has been damaged in the sum of $250,000.00." [Emphasis added.] The same allegations were made with reference to punitive damages in the sum of $100,000.00 and special damages.

The judgment "ORDERED, ADJUDGED AND DECREED that Plaintiff have and recover of Defendants Gary W. Grice and Richard G. Patton, *and each of them*, the sum of $359,899.00 for which said Defendants are jointly and severally liable * * *." [Emphasis added.]

In *Gallegos v. Franklin*, 89 N.M. 118, 123, 547 P.2d 1160 (Ct.App.1976), this Court said:

> By virtue of the default, the defendants have admitted the allegations of the complaint. These averments are taken as true. *For those matters which require an examination of details, the plaintiff must furnish the proof.* [Emphasis added.]

What Grice and Patton admitted was that one or the other was driving the truck tractor. They did not admit that both drove the vehicle in a reckless, wanton and willful manner. Without proof of which one was operating the vehicle at the time of the collision, the default judgment cannot stand.

"The entry of a default judgment against a defendant is not considered an admission by the defendant of the amount of unliquidated damages claimed by plaintiff." *Gallegos, supra.* [Id. 123, 547 P.2d 1160.]

"A punitive damage claim is not admitted by a default." *Gallegos, supra.* [Id. 125, 547 P.2d 1160.]

It is obvious that if Grice and Patton had filed motions to vacate the default judgment, we would have reversed the district court. The law steps in and gives United Salt the benefit of this reversible error.

The trial court was without authority or power to enter a default judgment fixing the amount of recovery in the absence of evidence, and, if it does, such judgment is void and not merely erroneous or voidable. *Graves v. Walters*, 534 P.2d 702 (Okl.Ct.App.1975).

The rule appears to be uniform that "a judgment which is absolutely void is entitled to no authority or respect, and therefore may be impeached at any time, in any proceeding in which it is sought to be enforced or in which the validity is questioned, by anyone with whose rights or interests it conflicts." 49 C.J.S. Judgments § 401, p. 794 (1947); 46 Am.Jur.2d, Judgments, § 641, p. 800 (1969). United Salt was allowed to attack plaintiff's default judgment because of its relationship with Grice and Patton.

Rule 55(b) and (c) of the Rules of Civil Procedure provide for judgment by default and setting it aside under Rule 60(b). Grice and Patton were defaulting defendants. United Salt was an appearing defendant. When one of several defendants who is alleged to be jointly liable defaults, it is an abuse of discretion to enter a default judg-

ment against him until the matter has been adjudicated with regard to all defendants. *Reliance Ins. Cos. v. Thompson-Hayward Chem. Co.*, 214 Kan. 110, 519 P.2d 730 (1974). This rule flows from *Frow v. De La Vega*, 82 U.S. (15 Wall.) 552, 21 L.Ed. 60 (1872); 10 C. Wright and Miller, *Federal Practice and Procedure*, § 2690 (1973); 6 Moore's Federal Practice, ¶ 55.06 (1976); *Exquisite Form Indus., Inc. v. Equisite Fabrics of London*, 378 F.Supp. 403 (S.D.N.Y. 1974). This doctrine typically arises where the party who has defaulted is appealing for relief. Grice and Patton did not appeal. However, the above rule should insure to the benefit of United Salt.

To avoid extending this opinion, I have refrained from setting out the innumerable legal problems that arise if the default is allowed to stand. Prejudice, confusion and inconsistent verdicts that may result to the appearing defendant would show that the doctrine should be applied in this case. See generally, Annot. *Successful defense by one codefendant, or a finding for "defendants" as inuring to benefit of defaulting defendant*, 78 A.L.R. 938 (1932). For example, if one joint debtor defaults, no separate judgment may be entered against him, since remaining joint debtors have the right to defend for all of them. *Diamond National Corp. v. Thunderbird Hotel, Inc.*, 85 Nev. 271, 454 P.2d 13 (1969); *State ex rel. Everett v. Sanders*, 274 Or. 75, 544 P.2d 1043 (1976). But in a suit by a city against owners of various tracts or land to foreclose paving liens, a plea of limitations by owners who appeared did not inure to the benefit of owners who defaulted. *City of Albuquerque v. Huddleston*, 55 N.M. 240, 230 P.2d 972 (1951).

To avoid multiple and complex legal problems, judicial history has shown that a good rule of law applicable in one factual situation will be applied to a comparable one under common sense principles. It is fair to withhold entry of judgment of defendants who default until the matter has been adjudicated with regard to all appearing defendants who are jointly liable. Appearing defendants should be entitled to the benefit of that principle in the defense of

their case together with the right to appeal for relief when an abuse of discretion occurs. Common sense dictates that all defendants jointly and severally liable should be treated as one entity for procedural purposes to avoid vexatious results. If United Salt loses, plaintiff wins. If United Salt wins, plaintiff loses. A default judgment, disfavored in the law, should not be used as a crutch to support plaintiff's claim for relief.

Rule 54(b)(2) of the Rules of Civil Procedure set forth in the majority opinion is not applicable to default judgments. It reads in pertinent part:

> When multiple parties are involved, judgment may be entered *adjudicating all issues* as to one or more, but fewer than all parties. [Emphasis added.]

A default judgment absent a hearing is not an "adjudication of all issues." "Notice and hearing, or an opportunity to be heard, is essential to a decision upon the merits. Any other conclusion could well give rise to serious injustice and that without remedy." *Otero v. Sandoval*, 60 N.M. 444, 446, 292 P.2d 319 (1956). Grice and Patton did not receive notice of hearing on an application of plaintiff for judgment by default and no hearing was held. Evidence was not presented. If a trial court wants to adjudicate the issues, it can refuse to enter a default judgment and dismiss the action upon failure of plaintiff to offer evidence or demonstrate entitlement to judgment. *Wagner v. Hunton*, 76 N.M. 194, 413 P.2d 474 (1966).

An "adjudication" essentially implies a hearing by a court, after notice, of legal evidence on the factual issue involved. *Genzer v. Fillip*, 134 S.W.2d 730 (Tex.Civ. App.1939); *People v. Hugo*, 168 N.Y.S. 25, 101 Misc. 481 (1917); *People v. Sohmer*, 207 N.Y. 450, 101 N.E. 164 (1913); *Western Assur. Co. v. Klein*, 48 Neb. 904, 67 N.W. 873 (1896); *Rank v. (Krug) United States*, 142 F.Supp. 1 (D.C.Cal.1956); *State v. Hoffman*, 236 Or. 98, 385 P.2d 741 (1963).

It has long been held that default judgments are not favored in the law. Rule

55(b) of the Rules of Civil Procedure does not declare "open season" against defaulting defendants, especially where large sums of money are involved. When a defendant is served with process and fails to appear, inquiry should be made. A defendant should be notified that a default has been entered. If a hearing is held, based upon the facts, evidence and testimony, the trial court can determine in its discretion whether to grant or deny default judgments. This procedure is necessary to enable the court to enter judgment. *Herrera v. Springer Corporation*, 85 N.M. 6, 508 P.2d 1303 (Ct.App.1973), Sutin, J., dissenting, *rev'd*, 85 N.M. 201, 510 P.2d 1072 (1973). See also, *Gengler v. Phelps*, 89 N.M. 793, 558 P.2d 62 (Ct.App.1976), Sutin, J., specially concurring.

United Salt Corporation attacked the default judgment pursuant to Rule 60(b) of the Rules of Civil Procedure. Based upon the fact (1) that the default judgment went beyond the allegations of the complaint and held both Grice and Patton liable; (2) that the judgment was void due to a large judgment for compensatory and punitive damages without evidence in support thereof; (3) the trial court abused its discretion in awarding plaintiff a default judgment; and (4) United Salt Corporation interests were adversely affected; denial of its motion to set aside the default judgment was reversible error.