This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**SAMANTHA MIKESKA,**

   Plaintiff-Appellant,

v.                                                      NO.   32,020

**LAS CRUCES MEDICAL CENTER, LLC,**
**d/b/a MOUNTAIN VIEW REGIONAL**
**MEDICAL CENTER,**

   Defendant-Appellee.

**APPEAL FROM THE DISTRICT COURT OF DOÑA ANA COUNTY**
**Douglas R. Driggers, District Judge**

The Pickett Law Firm
Mark L. Pickett
Las Cruces, NM

John Grost
El Paso, TX

for Appellant

Madison & Mroz, P.A.
Ada B. Priest
Kendrick W. Dane
Albuquerque, NM

for Appellee

**MEMORANDUM OPINION**

**KENNEDY, Judge.**

Plaintiff Samantha Mikeska appeals from the district court's summary judgment ruling in favor of Defendant Las Cruces Medical Center, LLC (the Hospital) that resulted in the dismissal of her claim against the Hospital for a violation of the federal Emergency Medical Treatment and Active Labor Act, 42 U.S.C. § 1395dd (2003) (EMTALA), [RP Vol.3/712] as well as the dismissal of Plaintiff's remaining claims against the Hospital as per the parties' stipulation. [RP Vol.3/715, 718] Our notice proposed to dismiss. Mikeska filed a memorandum in opposition. We are not persuaded by her arguments and, therefore, dismiss for lack of a final order.

As we recognized in our notice, the dismissal of all of Mikeska's claims against the Hospital would normally present a final order for purposes of appeal, even though underlying claims, which include medical malpractice and negligence, remain against defendants, Drs. Lemke and Turner (the doctors). [RP Vol.1/28] *See* Rule 1-054(B)(2) NMRA ("When multiple parties are involved, judgment may be entered adjudicating all issues as to one or more, but fewer than all parties. Such judgment shall be a final one unless the court, in its discretion, expressly provides otherwise and a provision to that effect is contained in the judgment."). However, in the present

case, for reasons discussed below, we conclude that the district court abused its discretion by not expressly ruling that the order of dismissal stemming from the summary judgment ruling is not a final order for purposes of appeal. *See id.* (providing for finality unless the district court in its discretion expressly provides otherwise).

Under EMTALA, a hospital has two primary obligations: (1) to adequately screen the patient for an emergency medical condition, and (2) if such condition is found, to stabilize the condition before discharging or transferring the patient. *Grassie v. Roswell Hosp. Corp.*, 2011-NMCA-024, ¶ 59, 150 N.M. 283, 258 P.3d 1075. Relevant to the screening function, the ultimate inquiry is not whether the hospital accurately diagnosed the patient's illness, but whether the screening "was performed equitably in comparison to other patients with similar symptoms." *Godwin v. Mem'l Med. Ctr.*, 2001-NMCA-033, ¶ 48, 130 N.M. 434, 25 P.3d 273 (internal quotation marks and citation omitted). However, and significantly, at the summary judgment phase of an EMTALA claim, case law provides that the plaintiff is not required to actually show that he or she was treated differently than other patients having the same or similar conditions, as a patient will rarely know how preceding patients were treated in the emergency room. *Id.* ¶ 58. Rather, to survive summary judgment proceedings, a plaintiff must show that the hospital did not follow its standard

3

screening procedures to diagnose a medical emergency. *Id.* ¶¶ 58-59. And relevant to this showing, *Godwin* provides that there is overlap between an EMTALA claim and a medical malpractice/negligence claim. *Id.* ¶ 64 (recognizing that "[a] failure to examine or test pursuant to a standard screening procedure might support a medical malpractice claim under State law and at the same time also constitute evidence of differential treatment sufficient to support a claim for failure to give an appropriate medical screening" under [EMTALA]) (internal quotation marks and citation omitted).

In the present case, the parties disputed the adequacy of the Hospital's screening during the summary judgment proceedings [RP Vol.2/360, 463; Vol.3/483, 668, 687, 712] and, to this end, we note that Plaintiff presented the deposition testimony of doctors who questioned the completeness of the screening examination, especially with regard to how the CT scans were administered. [RP Vol.3/490, 491, 544, 568-69; DS 3] Under a *Godwin* analysis, at the summary judgment phase of the proceedings, this deposition testimony reflects a factual dispute as to whether the Hospital's screening in following through in addressing Mikeska's pain was adequate. *Id.* ¶ 61 (stating that "[t]he evidence that [the doctor] did not seek a neurological consultation through an on-call internist did raise a genuine issue of material fact as to appropriate medical screening and alone is sufficient to save [the plaintiff] from

4

summary judgment"). Because *Godwin* recognizes that "[t]he spheres of medical malpractice and failure to provide an appropriate medical screening may overlap[,]" *id.* ¶ 66, it would be premature for this Court to consider the merits of Mikeska's appeal given the remaining medical malpractice and negligence claims against the doctors. [RP Vol.1/28]

We recognize that ultimately the inquiry under EMTALA for the Hospital's screening obligation is whether Mikeska received disparate treatment. But, as discussed above, at the summary judgment phase of proceedings, a showing of disparate treatment is not required, such that she was required only to show that there was a factual dispute for whether the screening was adequate. Because the proof for this showing implicates also the standard of care at issue for Mikeska's remaining medical malpractice and negligence claims against the doctors, it would be premature for us to consider the merits of this appeal, as its resolution appears to be intertwined with factual determinations that remain at issue below. For this reason, we conclude that the district court abused its discretion in failing to expressly provide that the order of dismissal lacks finality for purposes of appeal. We accordingly dismiss for lack of a final order. *See generally Khalsa v. Levinson*, 1998-NMCA-110, ¶¶ 20-21, 125 N.M. 680, 964 P.2d 844 (holding that the district court abused its discretion by certifying an order for immediate appeal when the issues resolved by the order were

intertwined with issues not yet resolved by the district court); *Nichols v. Texico Conference Ass'n of Seventh Day Adventists*, 78 N.M. 310, 311, 430 P.2d 881, 882 (Ct. App. 1967) (stating that "if the determination of the issues relating to [one defendant] will or may affect the determination of the issues relating to [another defendant], the judgment in favor of [the first] is not appealable").

We lastly acknowledge Mikeska's view that, apart from the Hospital's screening obligation, her motion for summary judgment should have been granted based on her continued assertion that the Hospital failed to satisfy its EMTALA obligation to stabilize her condition before discharging her. [MIO 5-6] Because we dismiss for lack of finality, however, we decline to determinatively address the underlying merits of this case, including whether the Hospital failed to satisfy its obligation to stabilize Mikeska before her discharge. We do note, however, that because the order at issue is non-final and addresses matters that are intertwined with determinations that have not yet been resolved in Mikeska's suit against the doctors, it may be subject to revision by the district court prior to entry of a final order as additional facts are developed.

Based on the foregoing discussion and that set forth in our notice, we dismiss for lack of a final order.

**IT IS SO ORDERED.**

_____
**RODERICK T. KENNEDY, Judge**

**WE CONCUR:**

_____
**MICHAEL D. BUSTAMANTE, Judge**

_____
**J. MILES HANISEE, Judge**