2004-NMCA-018

84 P.3d 1066

Lajusta SAM, individually and as Personal Representative of the Estate of Tyler Dexter Sam, deceased, and as next friend of Bronte Kieran Sam, Cory Deyong Sam, and Britney Lynn Sam, minor children, Plaintiffs–Appellants,

v.

The ESTATE OF Benny SAM, Jr., and Arizona School Risk Retention Trust, Inc., an Arizona non-profit corporation, Defendants–Appellees.

No. 23,288.

Court of Appeals of New Mexico.

Dec. 12, 2003.

David W. Peterson, Keleher & McLeod, P.A., Albuquerque, NM, Justin Heideman, Ascione & Heideman, L.L.C., Provo, UT, for Appellants.

Kyle M. Finch, Briones Law Firm, P.A., Farmington, NM, for Appellees.

## OPINION

KENNEDY, Judge.

{1} Plaintiffs appeal the district court's order granting Arizona School Risk Retention Trust, Inc.'s (the Trust) motion to dismiss and its later order granting summary judgment to the Estate of Benny Sam, Jr. (the Estate). Because Plaintiffs did not timely appeal the district's order dismissing the Trust, we affirm the district court's decision to dismiss the Trust. However, we reverse the order granting summary judgment to the Estate because the district court applied the wrong statute of limitations.

## FACTUAL AND PROCEDURAL BACKGROUND

{2} Benny Sam, Jr., (Sam) was employed by the Window Rock Unified School District (the District) in Arizona. On June 26, 1998, with the District's permission, Sam took a vehicle owned by the District to his New Mexico home for the weekend. On June 27, 1998, as Sam was backing out of his driveway to unblock his personal car, he ran over and killed Tyler Dexter Sam (Tyler). Since Sam died prior to filing suit, Plaintiffs brought suit against his Estate alleging that Sam was negligent in the operation of the vehicle. Filed on June 26, 2001, the complaint alleges that Sam caused the death of Tyler due to negligent operation of a motor vehicle and is liable for damages caused by the wrongful death. Additionally, Plaintiffs allege that the Trust, as Sam's liability carrier, is also liable for the damages. Lastly, Plaintiffs allege that the Trust refused to negotiate a good faith settlement of Plaintiffs' claims and should be liable for damages caused by such refusal.

{3} On August 2, 2001, the Trust filed a motion to dismiss Plaintiffs' claims with prejudice for failure to state a claim upon which relief could be granted and for failure to file within the statute of limitations provided by Arizona law. On October 3, 2001, the district court granted the Trust's motion to dismiss, concluding that because the Trust is a nonprofit corporation funded solely by members of the Arizona Public School District, it is a public entity as defined under Arizona law and therefore has sovereign immunity from suit. Because Plaintiffs "failed to comply with Arizona's notice-of-claim statute with regard to claims against public entities" the complaint was dismissed. The Plaintiffs did not properly appeal this order.

{4} On March 14, 2002, pursuant to Rule 1–056 NMRA 2003, the Estate filed a motion for summary judgment, contending that it was "entitled to judgment as a matter of law on the ground that plaintiffs' complaint [was] barred by the statute of limitations." In its brief in support of its motion, the Estate argued that Sam was an Arizona public employee acting within the scope of his duties when he ran over Tyler, and that actions against Arizona public employees must be brought within one year after the cause of action accrues under Arizona law. In addition to arguing that Plaintiffs' complaint was barred under Arizona law, the Estate also contended that under New Mexico's Tort Claims Act, NMSA 1978, § 41–4–15(A) (1977), actions against public employees must be brought within two years after the date of the occurrence resulting in death. Therefore, the Estate maintained that because the complaint was filed approximately three years after the occurrence resulting in Tyler's death, the claim was time barred under both the Arizona and New Mexico statutes of limitations. Plaintiffs contended then, as they do now, that both Arizona law and the New Mexico Tort Claims Act are inapplicable to this case. Plaintiffs maintain that because the injury occurred in New Mexico, New Mexico law should apply to this case, and as such, the "action was [timely] brought within the applicable three-year New Mexico statute of limitation for torts."

{5} On May 1, 2002, a hearing was held on the Estate's motion for summary judgment. On June 17, 2002, the district court entered its findings of fact and conclusions of law and granted the Estate's motion for summary judgment, concluding that the action was barred by the statute of limitations of both Arizona and New Mexico because Sam was a public employee, and "[a]ny public employee in either state in the same situation would only be subject to a one or two-year statute [of limitations]." The district court stated that "[t]here is no legal or logical reason to subject [Sam] to a three-year statute simply because of the fortuitous event that the accident occurred in New Mexico, and ... [t]o allow this suit to go forward on that basis would undermine the policies and laws of both Arizona and New Mexico." On June 25,

2002, Plaintiffs filed a notice of appeal on the order granting summary judgment to the Estate, and on that same day, they also filed an amended notice of appeal which stated that Plaintiffs were appealing "against all parties Defendant including, ... [the] Trust."

## DISCUSSION

**The District Court's October 3, 2001, Order Dismissing the Trust Was a Final Order**

{6} The October 3 order was a final judgment as to the Trust. Rule 1–054(B)(2) NMRA 2003 governs judgments upon multiple parties, and it states that a "judgment may be entered adjudicating all issues as to one or more, but fewer than all parties." It further states that "[s]uch judgment shall be a final one unless the court ... expressly provides otherwise and a provision to that effect is contained in the judgment." *Id.* No such provision was provided in the October 3 order. "An order is not considered final unless all issues of law and fact have been determined and the case disposed of by the trial court to the fullest extent possible." *Estate of Griego v. Reliance Standard Life Ins. Co.*, 2000–NMCA–022, ¶ 13, 128 N.M. 676, 997 P.2d 150. The district court's order granting summary judgment as to the Trust dismissed all claims directed at the Trust by Plaintiffs, and was therefore a final order.

**Plaintiffs Did Not Properly Appeal the District Court's Order Dismissing Plaintiffs' Claims Against the Trust**

{7} Plaintiffs did not immediately try to appeal the district court's October 3, 2001, order dismissing the Trust. Rule 12–201(A)(2) NMRA 2003 requires that a notice of appeal must be filed within thirty days after the judgment or order appealed from is filed in district court. *See also* Rule 12–202 NMRA 2003 (setting forth the time frame in which an appeal shall be taken and specifying the contents that must be included in a notice of appeal). In this case, Plaintiffs filed both a notice of appeal and an amended notice of appeal on June 25, 2002. Therefore, the notice was filed well beyond the thirty-day requirement.

{8} Moreover, the appeal we are concerned with at this time is from the district court's findings of fact and conclusions of law on the Estate's motion for summary judgment and its order granting summary judgment to the Estate. Although the amended notice of appeal mentions that the appeal is taken against all Defendants, including the Trust, the Plaintiffs did not attach a copy of the order dismissing the Trust to the notice of appeal, nor was the October 3 order referenced in the notice, as required by Rule 12–202(B). "[A]n appellant has a duty to specify each order in the notice of appeal from which an appeal is taken." *Mabrey v. Mobil Oil Corp.*, 84 N.M. 272, 274, 502 P.2d 297, 299 (Ct.App.1972). Although notices of appeal are to be liberally construed, the intent to appeal should be fairly inferred from the notice. *Id.* In this case, it is fair to infer that an appeal was being taken only from the June 17 order granting summary judgment to the Estate.

### Plaintiffs' Appeal of the District Court's Dismissal of the Trust Is Not Timely

{9} Nonetheless, Plaintiffs argue that it was proper to wait to appeal the order dismissing the Trust because "the question of the Trust's potential liability in the present case is so connected with the issues involving the Estate that any appeal of the Trust's dismissal before this time would have been improper." Plaintiffs are correct that in cases involving multiple defendants "[i]f the determination of the issues relating to the dismissed defendant will or may affect the determination of the remaining issues, the judgment of dismissal is not appealable." *Klinchok v. W. Sur. Co. of Am.*, 71 N.M. 5, 7, 375 P.2d 214, 216 (1962) (internal quotation marks and citation omitted). Further, in the interest of orderly procedure and judicial economy, we avoid piece-meal appeals. *Id.* at 8, 375 P.2d at 217.

{10} Here, Plaintiffs fail to demonstrate how the Trust's liability is so related to or connected with the theory of liability against the Estate so that one affects the other. Therefore, the two appeals need not be considered together, and because Plaintiffs did not timely appeal the October 3 order dismissing the Trust, as required by Rule 12–201, we do not have jurisdiction over the appeal.

### The District Court Erred in Granting Summary Judgment to the Estate

{11} The Estate contends that the district court was correct in concluding that Plaintiffs' claims should be dismissed under either Arizona or New Mexico law because "in either state in the same situation would only be subject to a one or two-year statute" of limitations. We disagree.

### Standard of Review

{12} The standard of review for determining whether governmental immunity under the Tort Claims Act bars a tort claim is a question of law which we review de novo. *Godwin v. Mem'l Med. Ctr.*, 2001–NMCA–033, ¶ 23, 130 N.M. 434, 25 P.3d 273. "The standard of review for a motion for summary judgment is whether there are any genuine issues of material fact and whether the moving party is entitled to summary judgment as a matter of law." *Williams v. Cent. Consol. Sch. Dist.*, 1998–NMCA–006, ¶ 7, 124 N.M. 488, 952 P.2d 978; *see also* Rule 1–056(C) NMRA 2003; *Self v. United Parcel Serv., Inc.*, 1998–NMSC–046, ¶ 6, 126 N.M. 396, 970 P.2d 582 (reviewing questions of law de novo). We consider the facts in the light most favorable to the party opposing summary judgment. *See Gillin v. Carrows Rests., Inc.*, 118 N.M. 120, 122, 879 P.2d 121, 123 (Ct.App.1994). If, however, the facts are not in dispute, and only a legal interpretation of the facts remains, summary judgment is appropriate. *See Garrity v. Overland Sheepskin Co.*, 1996–NMSC–032, ¶ 29, 121 N.M. 710, 917 P.2d 1382. The same reasoning applies to review of the grant of a motion to dismiss where all that is before the district court are pleadings and affidavits. *CABA Ltd. Liab. Co. v. Mustang Software, Inc.*, 1999–NMCA–089, ¶ 9, 127 N.M. 556, 984 P.2d 803.

### A. Arizona Law Is Inapplicable

{13} The Estate argues that Sam was a public employee and as such, according to Arizona law, any action against his estate

must have been brought within one year after the cause of action accrued. While this may be correct, New Mexico, as the forum state in this case, is not required to recognize Arizona's statute of limitations attaching or the sovereign immunity granted to its public employees. *See Franchise Tax Bd. of Cal. v. Hyatt,* 538 U.S. 488, 123 S.Ct. 1683, 1685, 155 L.Ed.2d 702 (2003); *Nevada v. Hall,* 440 U.S. 410, 414–21, 99 S.Ct. 1182, 59 L.Ed.2d 416 (1979). Therefore, the one-year limitations period applicable to Arizona public employees is not applicable to actions involving these employees when the cause of action accrues in New Mexico.

### B. The New Mexico Tort Claims Act Is Inapplicable

{14} Furthermore, the district court erred in concluding that the New Mexico Tort Claims Act was applicable to this case, mandating a two-year limitations period for tort actions against public employees. *See* Section 41-4-15. While Sam may have been considered a public employee acting within the scope of his duties under Arizona law, a question we need not address, he was not a public employee covered under our Tort Claims Act. The Tort Claims Act specifies that only public employees employed by *New Mexico* governmental entities—not simply any governmental entity—are covered by our Tort Claims Act. *See* NMSA 1978, § 41-4-3(H) (2003). Thus, Sam cannot seek the protection afforded by the New Mexico Tort Claims Act.

{15} This case involves a tort that occurred in New Mexico, and sovereign immunity and public employment are irrelevant to the issues presented in this case. In determining which law to use, New Mexico applies the law of the state in which the wrong occurred. *See Torres v. State,* 119 N.M. 609, 613, 894 P.2d 386, 390 (1995) (applying place of wrong rule). Therefore, because the accident resulting in Tyler's death occurred in New Mexico, New Mexico's three-year statute of limitations applies to this suit. *See* NMSA 1978, § 37-1-8 (1976). Because Plaintiffs brought this suit against the Estate within three years, they were within the limitations period, and the district court erred in applying a two-year statute of limitations.

{16} Although the Estate argues that public policy would be furthered by applying the shorter limitations period provided by either Arizona law or New Mexico's Tort Claims Act, it fails to provide us with authority supporting this contention. *See In re Adoption of Doe,* 100 N.M. 764, 765, 676 P.2d 1329, 1330 (1984) (stating that arguments not supported by authority will not be reviewed on appeal). We therefore conclude that this argument concerning public policy has no merit.

### CONCLUSION

{17} For the foregoing reasons, we affirm the district court's dismissal of the Trust, and we reverse the grant of summary judgment to the Estate.

{18} **IT IS SO ORDERED.**

WE CONCUR: CELIA FOY CASTILLO and MICHAEL E. VIGIL, Judges.