2006-NMSC-022

134 P.3d 761

Lajusta SAM, individually and as personal representative of the Estate of Tyler Dexter Sam, deceased, and as next friend of Bronte Kieran S., Cory Deyoung S., and Britney Lynn S., minor children, Plaintiffs–Respondents,

v.

The Estate of Benny SAM, Jr., and Arizona School Risk Retention Trust, Inc., an Arizona non-profit corporation, Defendants–Petitioners.

No. 28,426.

Supreme Court of New Mexico.

April 24, 2006.

Briones Law Firm, P.A., Kyle Michael Finch, Farmington, NM, Jones, Skelton & Hochuli, P.L.C., Eileen Dennis Gilbride, Phoenix, AZ, for Petitioners.

Keleher & McLeod, P.A., David W. Peterson, Albuquerque, NM, Ascione, Heideman & McKay, L.L.C., Patrick J. Ascione, Justin D. Heideman, Provo, UT, for Respondents.

## OPINION

MAES, Justice.

{1} This case arises from an accident that occurred in New Mexico and involved an Arizona government employee. As a matter of first impression, we must determine whether a New Mexico district court should, as a matter of comity, recognize the sovereign immunity of a sister state, Arizona. Petitioners urge us to reverse the Court of Appeals' findings that neither New Mexico's nor Arizona's limits on waiver of sovereign immunity apply to Respondents' claim and that the claim is not barred by either state's statute of limitations. Both Arizona and New Mexico have waived sovereign immunity through their respective Tort Claims Acts. *See* NMSA 1978, §§ 41–4–1 to –27 (1976, as amended through 2004); ARIZ.REV.STAT. ANN. §§ 12–820 to –823 (1984, as amended through 2002). However, the waiver of sovereign immunity in both states is restrained by strict statutes of limitations that bar suits filed a certain amount of time after the alleged tort. Section 41–4–15(A); ARIZ.REV. STAT. ANN. § 12–821. We hold that, in the interests of comity, New Mexico should extend the Tort Claims Act statute of limitations to states with similar tort claims acts

when they are sued in New Mexico district courts. We reverse the Court of Appeals' decision in this case and affirm, with modification, the district court's ruling that Respondents' claim was not timely filed.

## BACKGROUND

{2} The tragic accident that gave rise to this case occurred in Gallup, New Mexico. Mr. Benny Sam, Jr. ("Sam") ran over and killed his four-year-old son while backing out of his driveway. The truck Sam was driving belonged to his employer, the Window Rock Unified School District, an Arizona governmental entity. Sam was authorized to drive the truck home for the weekend, and was moving it out of his driveway to work on his personal vehicle when the accident occurred. Throughout the course of the litigation both sides have assumed that Sam was acting in the course and scope of his employment.

{3} Sam later passed away. Subsequently, his wife, both individually and as personal representative of her son's estate ("Respondents"), sued Sam's estate ("the Estate") and the Arizona School Retention Trust, Inc. ("the Trust") in the New Mexico District Court of McKinley County. The suit was filed one day prior to exactly three years after the accident occurred. Thus, Respondents' suit was timely filed if New Mexico's three-year statute of limitations for general tort actions applied, *see* NMSA 1978, § 37–1–8 (1976), but the New Mexico Tort Claims Act's two-year statute of limitations for actions against New Mexico governmental entities would bar the suit if applied to the case. *See* § 41–4–15(A).

{4} The two original defendants, the Trust and the Estate (collectively, "Petitioners"), each filed separate motions for summary judgment based on different rationales. In two separate rulings the district court judge granted the motions. First, the judge dismissed the suit against the Trust because Respondents failed to comply with Arizona's notice of claim under ARIZ.REV.STAT. ANN. § 12–821.01(A) (requiring persons with a claim against an Arizona governmental entity or employee to give notice to the entity within one hundred and eighty days after the cause of action accrues). Second, the judge granted summary judgment against Respon-

dents for failing to file the complaint within either the one-year statute of limitations period of the Arizona Tort Claims Act, *see* ARIZ.REV.STAT. ANN. § 12–821, or the two-year statute of limitations period of the New Mexico Tort Claims Act. *See* § 41–4–15(A).

{5} The district judge concluded that Respondents' action was barred by "the statute of limitations of both Arizona and New Mexico." This conclusion was based on his legal findings that: (1) the public policy behind both states' tort claims acts is the same; (2) a "public employee in either state in the same situation would only be subject to a one [sic] or two-year statute" of limitations; and (3) to "allow this suit to go forward ... would undermine the policies and laws of both Arizona and New Mexico."

{6} Respondents appealed both rulings to the Court of Appeals. The Court first upheld the district court's determination that Respondents failed to timely appeal the judge's order of dismissal against the Trust. *Sam v. Estate of Sam*, 2004–NMCA–018, ¶ 1, 135 N.M. 101, 84 P.3d 1066. Respondents did not challenge this ruling on appeal and it is deemed abandoned. *See Deaton v. Gutierrez*, 2004–NMCA–043, ¶ 26, 135 N.M. 423, 89 P.3d 672. Second, under a *de novo* standard of review, the Court reversed the district court's determination that either Arizona's or New Mexico's tort claims act statute of limitations applied to this case. *Sam*, 2004–NMCA–018, ¶¶ 1, 12, 135 N.M. 101, 84 P.3d 1066. It first determined that the Arizona Tort Claims Act was inapplicable because New Mexico courts are "not required to recognize Arizona's statute of limitations ... or the sovereign immunity granted to its public employees." *Id.* ¶ 13. Second, it held that the New Mexico Tort Claims Act was inapplicable because Sam was not employed by New Mexico and was therefore not covered by New Mexico's Tort Claims Act. *Id.* ¶ 14. The Court decided that the correct statute of limitations was New Mexico's general three-year statute of limitations governing tort actions. *Id.* ¶ 15; *see* § 37–1–8. The Court determined that because New Mexico generally applies the law of the place where the wrong or tort occurred, the general three-year statute of limitations was appropriate in

this case. *Sam*, 2004–NMCA–018, ¶ 15, 135 N.M. 101, 84 P.3d 1066 (citing *Torres v. State*, 119 N.M. 609, 613, 894 P.2d 386, 390 (1995)).

## DISCUSSION

{7} Petitioners argue that the Court of Appeals erred when it applied the general rule that the law of the place of the wrong controls. They claim that the Court of Appeals should have instead performed a comity analysis to determine whether New Mexico should recognize and apply the Arizona one-year statute of limitations or apply the New Mexico Tort Claims Act two-year statute of limitations to Arizona governmental entities sued in New Mexico. Conversely, Respondents urge us to uphold the Court of Appeals decision. Their principal policy arguments in favor of applying the three-year statute of limitations are that New Mexico's Mandatory Financial Responsibility Act (NMMFRA) evinces a strong state interest in compensating victims of negligent acts and that a three-year statute of limitations would make the determination easy and promote predictability and uniformity. Additionally, they argue that a comity analysis is not warranted in this case, but assert that even if we decide to engage in a comity analysis, public policy would dictate that New Mexico's general three-year statute of limitations applies.

{8} Whether a district court should extend immunity to a sister state as a matter of comity is an issue of first impression in New Mexico. Comity is a principle whereby a sovereign forum state recognizes and applies the laws of another state sued in the forum state's courts. The sovereign forum state has discretion whether or not to apply the laws of the other state. In order to fully explore this topic, we will discuss the principles behind comity and what factors a New Mexico court should consider to determine if comity should be extended.

{9} The parties disagree about the preliminary matter of what standard of review an appellate court should apply to this issue. Generally, when the facts of a case are not in dispute, we review the grant or denial of a motion to dismiss *de novo*. *See*

*Self v. United Parcel Serv., Inc.*, 1998–NMSC–046, ¶ 6, 126 N.M. 396, 970 P.2d 582 (reviewing summary judgment). This includes whether a governmental entity has immunity. *See Godwin v. Mem'l Med. Ctr.*, 2001–NMCA–033, ¶ 23, 130 N.M. 434, 25 P.3d 273 (reviewing the New Mexico Tort Claims Act). Respondents urge us to adopt this standard of review for this case. Petitioners argue that we should adopt a dual standard of review for cases involving a district court's decision to extend comity. They argue that we should review the district court's decision to use a comity analysis *de novo*, and then review a district court's application of comity for abuse of discretion. They argue that an abuse of discretion standard is appropriate because the analysis is fact-sensitive. *See, e.g., Jackett v. Los Angeles Dep't of Water & Power*, 771 P.2d 1074, 1075 (Utah Ct.App. 1989). This two-tiered standard of review is based on analyses from other state courts and federal circuit courts. *See Lee v. Miller County, Arkansas*, 800 F.2d 1372, 1376 (5th Cir.1986); *Levert v. Univ. of Ill. at Urbana/Champaign*, 857 So.2d 611, 618 (La.Ct. App. 1st Cir.2003); *Univ. of Ia. Press v. Urrea*, 211 Ga.App. 564, 440 S.E.2d 203, 204 (1993). We agree with Petitioners and adopt this two-tiered standard of review. Therefore, we must first determine whether the district court used a comity analysis to arrive at the proper standard of review.

{10} The district court's findings of fact and conclusions of law in this case are brief. Although it appears that Petitioners' Estate did say the word "comity" at the hearing on the motion for summary judgment, comity was not mentioned in either its Brief in Support of Motion for Summary Judgment or its Reply Brief in Support of Motion for Summary Judgment. In fact, Petitioners' Estate did not cite any case law supporting its position in either of those briefs. It only argued that since the Estate was being sued in New Mexico based on Sam's capacity as an employee of Arizona, either the Arizona or New Mexico statute of limitations for tort actions involving public employees should apply.

{11} Petitioners argue that if we determine that the district court did not apply a

comity analysis we should still affirm the district court under the "right for any reason" doctrine. *See Maralex Res., Inc. v. Gilbreath,* 2003–NMSC–023, ¶ 13, 134 N.M. 308, 76 P.3d 626. "[A]n appellate court 'will affirm the district court if it is right for any reason and if affirmance is not unfair to the appellant.'" *Id.* (quoting *Moffat v. Branch,* 2002–NMCA–067, ¶ 13, 132 N.M. 412, 49 P.3d 673).

{12} There is no clear indication that the trial court analyzed this case under the principles of comity. Although it structured its conclusions of law in a way that reflects a comity analysis, it did not do so expressly. Therefore, review of the district court's decision should be *de novo* because the district court only stated it was granting a motion for summary judgment. In future cases, we will utilize the approach urged by Petitioners. We will review the appropriateness of a district court's decision to engage in a comity analysis *de novo,* but will review the district court's fact-intensive comity analysis for abuse of discretion.

{13} The seminal cases dealing with when and how a forum state should extend immunity under comity to a sister state sued in its courts are *Nevada v. Hall,* 440 U.S. 410, 99 S.Ct. 1182, 59 L.Ed.2d 416 (1979), and *Franchise Tax Board of California v. Hyatt,* 538 U.S. 488, 123 S.Ct. 1683, 155 L.Ed.2d 702 (2003). Both of these cases stand for the principle that a forum state is not required to extend immunity to other states sued in its courts, but the forum state should extend immunity as a matter of comity if doing so will not violate the forum state's public policies. The Court of Appeals recognized that New Mexico was not required to extend immunity to Arizona. *See Sam,* 2004–NMCA–018, ¶ 13, 135 N.M. 101, 84 P.3d 1066. However, it then stated that Arizona's one-year statute of limitations "is not applicable to actions involving [Arizona] employees when the cause of action accrues in New Mexico." *Id.* We review *Hall* and *Hyatt* as well as decisions from other state courts that have addressed this issue.

{14} In *Hall,* 440 U.S. 410, 99 S.Ct. 1182, California residents were injured in an automobile accident negligently caused by an employee of the University of Nevada driving a University of Nevada vehicle in California. The plaintiffs sued and won in a California court, where the University of Nevada claimed its damages should be limited to $25,000, the maximum recovery allowed under Nevada's limited waiver of sovereign immunity through its tort claims act. The United States Supreme Court began by recognizing that no state may be sued in its own court without its permission, unless it has expressly waived its sovereign immunity in some manner. Next, the Court stated that a claim of immunity in another state's courts is possible, but "must be found either in an agreement, express or implied, between the two sovereigns, or in the voluntary decision of the second to respect the dignity of the first as a matter of comity." *Id.* at 416, 99 S.Ct. 1182.

{15} The University of Nevada argued in favor of a federally enforced mandate of interstate comity that would require California to honor Nevada's limited waiver of sovereign immunity. In rejecting the University of Nevada's argument, the Court found that while the United States Constitution, through the Eleventh Amendment, "places explicit limits on the powers of federal courts to entertain suits against a State;" there is no such limitation on a state court entertaining a suit against another state. *Id.* at 420, 99 S.Ct. 1182. Further, the Court held that the Full Faith and Credit Clause only requires "each State to give effect to official acts of other States," *id.* at 411, 99 S.Ct. 1182, but "does not require a State to apply another State's law in violation of its own legitimate public policy." *Id.* at 422, 99 S.Ct. 1182.

{16} However, the Court stated that nothing prevented a forum state from recognizing another state's immunity, or limited waiver of immunity, in the forum state's courts based on comity. *Id.* at 425, 99 S.Ct. 1182. The Court noted the presumption that "the States intended to adopt policies of broad comity toward one another." *Id.* This presumption is based on the "intimate union of these states, as members of the same great political family," and the "deep and vital interests which bind them so closely together." *Id.* at 425–26, 99 S.Ct. 1182 (quoting *Bank of*

*Augusta v. Earle,* 38 U.S.(13 Pet.) 517, 590 (1839)). However, in order to refuse to honor the laws of another state, a forum state only needs to declare that the other state's law would violate its own legitimate public policy. To require more would allow the citizens of one state to determine the public policy of another. *Id.* In other words, the Court was stating that it would be "wise policy, as a matter of harmonious interstate relations, for States to accord each other immunity or to respect any established limits on liability," as long as doing so did not violate the forum state's public policy. *Id.* at 426, 99 S.Ct. 1182.

{17} The Court concluded that the waiver of immunity in both states was sufficiently different and to apply Nevada law would violate California's public policy. California law did not set a cap on the damages an injured person could recover from the state when it waived immunity, while Nevada set the limit at $25,000. *Id.* at 424, 99 S.Ct. 1182. This difference was sufficient for California to justify not extending comity to Nevada. *Id.* at 427–28, 99 S.Ct. 1182.

{18} The Court reaffirmed *Hall* in *Hyatt,* 538 U.S. 488, 123 S.Ct. 1683. There, a taxpayer, a former California resident living in Nevada, brought an action in Nevada state court against a California tax-collection agency for both negligent and intentional torts. *Id.* at 490–91, 123 S.Ct. 1683. Nevada had waived sovereign immunity for intentional acts by similar Nevada agencies, but had not waived immunity for merely negligent acts. *Id.* at 492–93, 123 S.Ct. 1683. The Nevada Supreme Court denied in part the agency's writ of mandamus by allowing the taxpayer's claims of intentional torts to proceed in Nevada's courts, but dismissing the claims for negligent acts. *Id.* at 492–94, 123 S.Ct. 1683. The United States Supreme Court affirmed this decision, stating that the "Nevada Supreme Court sensitively applied principles of comity with a healthy regard for California's sovereign status, relying on the contours of Nevada's own sovereign immunity from suit as a benchmark for its analysis." *Id.* at 499, 123 S.Ct. 1683.

{19} While the particular issue in this case is new to New Mexico, our courts have used a similar comity analysis in other situations. "Comity refers to the spirit of cooperation in which a domestic tribunal approaches the resolution of cases touching the laws and interests of other sovereign states." *Leszinske v. Poole,* 110 N.M. 663, 668, 798 P.2d 1049, 1054 (N.M.Ct.App.1990) (quoting *Societe Nationale Industrielle Aerospatiale v. United States District Court,* 482 U.S. 522, 543 n. 27, 107 S.Ct. 2542, 96 L.Ed.2d 461 (1987)). In *Leszinske,* a father sued to gain full custody of his children after his ex-wife married her uncle in Costa Rica. The district court in that case conditioned the award of primary custody to the mother on her entering into a valid marriage with the uncle. *Id.* at 664, 798 P.2d 1049. The mother went to Costa Rica to marry her uncle because New Mexico considers marriage between an uncle and a niece to be an invalid marriage. *Id.* at 664–65, 798 P.2d 1049. In deciding whether to recognize the Costa Rican marriage that undoubtably went against the public policy of New Mexico to some degree, the Court of Appeals stated that "the dispositive question is whether the marriage offends a sufficiently strong public policy to outweigh the purposes served by the rule of comity." *Id.* at 669, 798 P.2d 1049. The Court found that recognizing a marriage that was invalid under New Mexico law was not sufficiently offensive to New Mexico public policy to outweigh the principles of comity.

{20} Of course, it is well settled that another state court cannot compel a New Mexico court to dismiss a case or refuse to hear one. *See Spear v. McDermott,* 1996–NMCA–048, ¶ 48, 121 N.M. 609, 916 P.2d 228 ("[N]either the full-faith-and-credit principle nor the concept of comity requires recognition of an attempt by one court to abate or stay proceedings in a different court."). This case presents a different issue than was involved in *Spear.* Here, the issue is whether the New Mexico courts should apply Arizona's statute of limitations or extend New Mexico's statute of limitations to an Arizona public employee based on the principles of comity, not whether it is compelled to do so. Clearly, *Hall* establishes that New Mexico courts are not compelled to extend immunity, but rather, they are encouraged to do so if it

would not violate New Mexico's public policy. This is where the Court of Appeals in this case erred. It stated that because New Mexico is not required to recognize Arizona's statute of limitations, it "is not applicable to actions involving [Arizona public] employees when the cause of action accrues in New Mexico." *Sam,* 2004-NMCA-018, ¶ 13, 135 N.M. 101, 84 P.3d 1066. By stating that the Arizona statute of limitations was not applicable without further discussion, it is uncertain whether the Court considered the question of comity fully or simply felt that it was incapable of applying Arizona law.

{21} Thus, following *Leszinske* and the seminal cases from the United States Supreme Court, the question in this case is whether the Arizona Tort Claims Act "offends a sufficiently strong public policy to outweigh the purposes served by the rule of comity." *Leszinske,* 110 N.M. at 669, 798 P.2d at 1055. As a general rule, comity should be extended. Only if doing so would undermine New Mexico's own public policy will comity not be extended.

{22} Several other jurisdictions have considered similar issues to the one we decide today. The courts have applied a variety of factors to determine if the forum state should extend immunity based on comity. The factors assist in determining whether extending immunity through comity would violate the forum state's public policy. These factors include: (1) whether the forum state would enjoy similar immunity under similar circumstances, *see, e.g., Head v. Platte County, Missouri,* 242 Kan. 442, 749 P.2d 6, 10 (1988); (2) whether the state sued has or is likely to extend immunity to other states, *see, e.g., Morrison v. Budget Rent A Car Sys.,* 230 A.D.2d 253, 657 N.Y.S.2d 721, 731 (1997); (3) whether the forum state has a strong interest in litigating the case, *see, e.g., Ehrlich-Bober & Co. v. Univ. of Houston,* 49 N.Y.2d 574, 427 N.Y.S.2d 604, 404 N.E.2d 726, 730 (1980); and (4) whether extending immunity would prevent forum shopping, *see, e.g., Newberry v. Ga. Dep't of Indus. & Trade,* 286 S.C. 574, 336 S.E.2d 464, 465 (1985). We likewise consider each of these factors when determining whether recognizing the sovereign immunity of a sister state

would be contrary to the public policy of New Mexico.

{23} First, it is clear that a similar action brought against a New Mexico entity or government employee would be barred by the two-year statute of limitations in the New Mexico Tort Claims Act. *See* § 41-4-15. Like Arizona, New Mexico waived immunity on this type of claim, but did so with a strict statute of limitations. The New Mexico Tort Claims Act expresses a clear public policy that tort claims against negligent New Mexico governmental entities should be allowed, but only if brought within two years of the date of the alleged tort.

{24} The second factor, whether Arizona would extend immunity to New Mexico, has not been addressed by Arizona's courts. Thus, it is unclear whether Arizona would extend immunity to this state under a comity analysis. However, we believe that New Mexico has an interest in according immunity by comity in this instance in order to encourage Arizona to extend immunity to a New Mexico governmental entity in the future. When faced with deciding whether to grant New Mexico immunity, Arizona and other states will likely consider our decisional law on the subject of comity. Those states may be reluctant to extend immunity to our state if we have previously declined to extend immunity to a sister state. *See Morrison,* 657 N.Y.S.2d 721 (when determining whether to extend immunity to South Carolina, the New York court examined the Supreme Court of South Carolina's decision declining to extend immunity to North Carolina by comity).

{25} Regarding the third factor, New Mexico certainly has an interest in litigating this case, but that interest is tempered by the concept of comity and the New Mexico Tort Claims Act. Respondents' arguments address this factor. They argue that to apply the Arizona statute of limitations would contravene New Mexico's public policy of adequately compensating victims of automobile accidents. This public policy is contained in the New Mexico Mandatory Financial Responsibility Act (NMMFRA). *See* NMSA 1978, §§ 66-5-201 and -201.1 (1983, as amended in 1998); *see also Estep v. State Farm Mut. Auto. Ins. Co.,* 103 N.M. 105, 108,

703 P.2d 882, 885 (1985) ("[t]he fundamental purpose for the enactment of financial responsibility laws [is] protecting innocent accident victims from financial hardship"). Even Respondents note, however, that the NMMFRA does not specifically apply to this case. The NMMFRA requires automobile insurance to ensure compensation for victims of automobile accidents. Sections 66–5–205 to –208. In this case there was insurance, but the statute of limitations may bar Respondents' recovery under the insurance policy. While the NMMFRA embodies strong public policy in New Mexico, we believe it must be balanced against the equally clear New Mexico public policy of limiting claims against the government contained in the Tort Claims Act. Section 41–4–2.

{26} Through the Tort Claims Act, our Legislature has determined that it is appropriate to allow persons harmed by the negligent acts of New Mexico public employees to recover, but only if they file suit within two years. Arizona has similarly determined that persons harmed by the negligent acts of Arizona public employees can file suit, but they must do so within one year. New Mexico has a particular interest in providing compensation or access to the courts to residents of the state. We believe that we are faced with a situation similar to that which Nevada faced in *Hyatt*. In *Hyatt*, the United States Supreme Court approved of Nevada applying its own limited waiver of immunity to California. *Hyatt*, 538 U.S. at 499, 123 S.Ct. 1683. Nevada recognized that both states waived immunity, but differed in how they waived immunity. Nevada had waived immunity for intentional acts but not for negligent acts, while California retained complete immunity for the agency sued. *Id.* at 493–94, 123 S.Ct. 1683. Therefore, not only was it appropriate for Nevada to grant California immunity, but also to only grant to California what it deemed appropriate for itself.

{27} Similarly, we believe that New Mexico should extend a limited grant of immunity to Arizona because both states have done so through tort claims acts. However, we should only extend New Mexico's two-year statute of limitations instead of applying Arizona's one-year statute of limitations. Applying Arizona's one-year statute of limitations is not in accordance with the public policy behind our own two-year statute of limitations. To apply Arizona's one-year statute of limitations would violate our own public policy of allowing two years to file suit against a governmental agency. This way, we are extending a limited grant of immunity to a sister state under the principles of comity in accordance with our state's public policy. Extending New Mexico's two-year statute of limitations fulfills the principles of comity without violating our own public policy.

{28} Finally, extending New Mexico's statute of limitations to Arizona governmental entities will limit forum shopping. While we have decided not to recognize Arizona's one-year statute of limitations because it is not in accordance with New Mexico's public policy, we are extending New Mexico's two-year statute of limitations instead of the general three-year statute of limitations. Although this solution may not completely eliminate forum shopping, we believe it will prevent forum shopping to some degree.

## CONCLUSION

{29} While we affirm the district court's grant of Petitioners' Motion to Dismiss the Estate, we do so for reasons not addressed by the district court. We reverse the Court of Appeals on this issue. The district court should have applied a comity analysis and concluded that the two-year statute of limitations in the New Mexico Tort Claims Act applies to this case. Because Respondents did not file suit within two years of the accident, their suit is barred.

{30} **IT IS SO ORDERED.**

WE CONCUR: RICHARD C. BOSSON, Chief Justice, PAMELA B. MINZNER, PATRICIO M. SERNA, EDWARD L. CHÁVEZ, Justices.