This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**GEORGE ALEXANDER,**

Petitioner-Appellant,

v.                                                                              **NO. 28,555**

**GEORGIA THARP,**

Respondent-Appellee.

**APPEAL FROM THE DISTRICT COURT OF DOÑA ANA COUNTY**
**Jerald A. Valentine, District Judge**

Melissa J. Reeves
Las Cruces, NM

for Appellee

Law Office of Kelly P. Albers, P.C.
Kelly P. Albers
Las Cruces, NM

for Appellant

**MEMORANDUM OPINION**

**GARCIA, Judge.**

Appellant (Father) appeals from the district court's order denying the relief

requested in his motion for an order to show cause. We affirm because the district court lacked jurisdiction under the procedural posture of this case to grant Father the relief he requested.

**BACKGROUND**

The proceedings came before the district court pursuant to Father's motion for an order to show cause why Appellee (Mother) should not be held in contempt of court. In his motion, Father complained that Mother and Indiana authorities had ignored the effect of the 1998 New Mexico summary judgment declaring Father no longer owed Mother any child support because earlier New Mexico orders modified the original Indiana child support decree. Father argued that Mother wrongfully continued to pursue child support against him in Indiana based on the original Indiana divorce decree.

Father alleged that Mother filed a petition in Indiana, which resulted in a new Indiana judgment of $44,890.20 in arrearages against him. As a consequence of that new judgment, Indiana apparently issued an August 16, 2006 amended final order in garnishment (garnishment order), directing Father's employer to withhold wages for payment of the $44,890.20 in Indiana arrearages. In his motion for an order to show cause, Father also requested that the district court, in addition to asking that Mother be held in contempt, "enter an [o]rder [p]ermanently barring further actions brought

2

by either [Mother] or the Indiana [a]uthorities charged with enforcement of the [o]riginal [d]ecree."

**ANALYSIS**

Father initially asked that the district court hold Mother in contempt of court for her Indiana enforcement efforts. Through the course of the proceedings, it became clear that Father specifically wanted the district court to halt any collection efforts in New Mexico by Mother or the Indiana support enforcement authorities. In this regard, Father's pleadings only referenced the Indiana garnishment order. At this point, we also note some ambiguity in the record regarding what Mother is trying to garnish through the Indiana garnishment proceedings. While the New Mexico district court's order indicates that Father's federal tax refunds are being garnished, Father's motion for an order to show cause and his motion to reconsider filed below mentioned the effect of the Indiana garnishment order on both his wages and his tax refunds. Nonetheless, whether Indiana is garnishing Father's tax refunds, wages, or both, the issues remain the same. Can a New Mexico court direct Indiana courts to take action in Indiana regarding the judgment and garnishment order entered in Indiana? Generally, we recognize that what Indiana courts do in Indiana is a matter for the Indiana courts, unless New Mexico has some basis for asserting jurisdiction to somehow bar or stop all further Indiana proceedings. *See generally Sam v. Estate of*

*Sam*, 2006-NMSC-022, ¶ 20, 139 N.M. 474, 134 P.3d 761 (recognizing that "it is well settled that another state court cannot compel a New Mexico court to dismiss a case or refuse to hear one" because "[n]either the full-faith-and-credit principle nor the concept of comity requires recognition of an attempt by one court to abate or stay proceedings in a different court" (internal quotation marks and citation omitted)).

While New Mexico courts generally have no authority to overturn orders issued by other states, the enforcement of income withholding orders issued by other states is a matter that Father can address in New Mexico courts if certain statutory requirements are met. To improve the interstate enforcement of child support obligations, New Mexico, like most other states, has adopted a series of uniform laws to address interstate disputes like the one presently before this Court. *See* Revised Uniform Reciprocal Enforcement of Support Act (RURESA), NMSA 1978, §§ 40-6-1 to -41 (1969, as amended through 1994), *superseded by* Uniform Interstate Family Support Act (UIFSA), NMSA 1978, §§ 40-6A-100 to -903 (1995, as amended through 2005). When the parties' child support disputes initially began, RURESA was in place. In the midst of their ongoing dispute, UIFSA became effective.

The 2006 garnishment order at issue in this case was issued by the Indiana court as a result of a garnishment proceeding seeking to enforce the underlying Indiana judgment and determination that Father owed $44,890.20 in arrearages. Therefore,

4

any efforts to enforce or challenge the 2006 garnishment order are governed by UIFSA, which was enacted prior to the initiation of the garnishment proceedings. *See* § 40-6A-901 (stating that UIFSA "shall be applied and construed to effectuate its general purpose to make uniform the law with respect to the subject of that act among states enacting it"); *see also* Unif. Interstate Family Support Act § 207 comment, 9 U.L.A. 198 (2001) (noting that provisions in UIFSA for determining the controlling order among conflicting orders from different states was "designed to span the gulf between the one-order system created by UIFSA and the multiple-order system previously in place under RURESA").

Under UIFSA, there are at least three different ways that Mother could have sought to enforce the Indiana garnishment order in New Mexico. *See* § 40-6A-301(b) (authorizing a petitioner to initiate a UIFSA proceeding by filing a petition); § 40-6A-501 (providing that "[a]n income-withholding order issued in another state may be sent by or on behalf of the obligee, or by the support enforcement agency to the obligor's employer without first filing a petition or comparable pleading or registering the order with a tribunal of this state"); § 40-6A-601 (registering a support order or income-withholding order in this state for enforcement). In the present case, because the record does not indicate that Mother registered or petitioned the New Mexico courts to enforce the Indiana garnishment order, we are proceeding on the basis that

Mother or the Indiana support enforcement authorities elected to send the garnishment order directly to Father's employer pursuant to Section 40-6A-501. Also, we are proceeding on the basis that the garnishment order was received and complied with since Father complains about it in his motion for an order to show cause. *See* § 40-6A-502(a)-(b) (providing that "[u]pon receipt of an income-withholding order, the obligor's employer shall immediately provide a copy of the order to the obligor" and "treat an income-withholding order issued in another state . . . as if it had been issued by a tribunal of this state"); *see also Murken v. Solv-Ex Corp.*, 2006-NMCA-064, ¶ 27, 139 N.M. 625, 136 P.3d 1035 (recognizing "that where [the] record is unclear, we presume regularity and correctness of the district court's actions").

UIFSA allows an obligor, in this case Father, to contest an unregistered income-withholding order of another state that has been sent directly to an employer. Specifically, Section 40-6A-506(a) provides:

> An obligor may contest the validity or enforcement of an income-withholding order issued in another state and received directly by an employer in this state *by registering the order in a tribunal of this state and filing a contest* to that order as provided in Sections 40-6A-601 through 40-6A-615 NMSA 1978, *or otherwise contesting the order in the same manner as if the order had been issued by a tribunal of this state*.

(Emphasis added.) In the present case, there is no indication in the record that Father registered the garnishment order in order to pursue "a contest" of that order as

6

provided in Sections 40-6A-601 through 40-6A-615. *See* § 40-6A-506(a); see also § 40-6A-602 (providing the procedure for registering an out-of-state order for enforcement).

We recognize that Section 40-6A-506(a) also provides that the obligor may "otherwise contest[] the order in the same manner as if the order had been issued by a tribunal of this state." While an obligor may challenge the garnishment order by any method that is available in the obligor's state for challenging an intrastate income withholding order, the district court must first obtain jurisdiction over the proceedings to enforce the Indiana order. In the present case, Mother never domesticated the Indiana garnishment order under the Foreign Judgments Act, *see* NMSA 1978, §§ 39-4A-1 to -6 (1989), or otherwise invoked the jurisdiction of the New Mexico district court regarding the garnishment order. As a result, Father had two options: (1) register the garnishment order and pursue a contest under Sections 40-6A-601 to -615, or (2) challenge the original garnishment order in Indiana. Allowing a New Mexico court to entertain a challenge to a *non-registered* support order that it had not been asked to enforce by Mother would be an affront to the full faith and credit of the state that issued the garnishment order. *See generally Corliss v. Corliss*, 89 N.M. 235, 236-37, 549 P.2d 1070, 1071-72 (1976) (stating that under Article IV, Section 1 of the United States Constitution, a Missouri divorce decree was entitled to full faith and

7

credit in New Mexico). For this reason, absent registration by Father of the unregistered garnishment order that was sent directly to his employer, the New Mexico district court had no jurisdiction or authority to consider Father's objections to the order, and the proper place to challenge the garnishment order remained in Indiana. Finally, we recognize that because New Mexico presently lacks jurisdiction to consider Father's objections to the garnishment order, we need not address any other matter at issue, specifically the matter of personal jurisdiction over Mother.

**CONCLUSION**

Because Father failed to properly invoke the district court's subject matter jurisdiction over this unregistered out-of-state support enforcement order, we hold that the district court lacked authority under UIFSA to consider Father's objections to the garnishment of his wages. Without the authority to rule on the propriety of the Indiana garnishment order, the district court also lacked the authority to determine whether Mother's efforts to secure the Indiana garnishment order amounted to contempt of court. Accordingly, we affirm the district court's ultimate denial of relief to Father at this time. Our opinion should not be read to preclude Father from registering the Indiana garnishment order as provided under UIFSA in order to assert his further objections to the execution of the Indiana garnishment order in New Mexico.

**IT IS SO ORDERED.**

_____
**TIMOTHY L. GARCIA, Judge**

**WE CONCUR:**

_____
**MICHAEL D. BUSTAMANTE, Judge**

_____
**MICHAEL E. VIGIL, Judge**

9